BALTIMORE & OHIO RD. CO. ET AL., APPELLANTS, v. PUBLIC
UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 68-266—Decided December 4, 1968.)

*Mr. Robert O. Smith, Jr., Messrs. Alexander, Ebinger, Holschuh & Fisher,* and *Mr. John D. Holschuh,* for appellant Baltimore & Ohio Railroad Company.

*Mr. Donald A. Brinkworth,* for appellant Penn Central Company.

*Mr. William B. Saxbe,* attorney general, and *Mr. J. Philip Redick,* for appellee.

TAFT, C. J. The railroad contends that the commission had no jurisdiction to order the railroad to continue operation of its trains Nos. 31 and 32 after January 26, 1968.

In *Delaware v. Pub. Util. Comm.* (1954), 161 Ohio St. 332, 119 N. E. 2d 77, this court held that Sections 504-2 and 504-3, General Code (now Sections 4905.20 and 4905.21, Revised Code), did not require a railroad to secure authority from the Public Utilities Commission for a diminution of passenger train service at one of its stations where no abandonment of such service at that station would result.

The orders here appealed from in effect require the

railroad to secure commission approval before such a diminution of service.

In support of its jurisdiction to make the orders here appealed from, the commission relies upon the following parts of the Revised Code:

Section 4905.04. "The Public Utilities Commission is hereby vested with the power and jurisdiction to supervise and regulate * * * railroads * * * and to promulgate and enforce all orders relating to the protection, welfare, and safety of * * * the traveling public * * *."

Section 4907.03. "Regulation of service applicable to railroads shall include:

"(A) The transportation of passengers and property between points within the state * * *."

Section 4907.24. "Each railroad shall furnish reasonably adequate service and facilities."

Section 4901.02. "* * * The commission shall possess the powers and duties specified in, as well as all powers necessary and proper to carry out the purposes of, Chapters 4901, 4903, 4905, 4907, 4909, 4921 and 4923 of the Revised Code."

Similar arguments were made in *Akron & Barberton Belt Rd. Co.* v. *Pub. Util. Comm.* (1956), 165 Ohio St. 316, 135 N. E. 2d 400, where paragraphs one and four of the syllabus read:

"1. The Public Utilities Commission is solely a creature of the General Assembly and may exercise no jurisdiction beyond that conferred by statute.

"* * *

"4. By Section 4905.04, Revised Code, the Public Utilities Commission is given the authority to determine as to track clearances for railroad yards, but, under that section, it has no power to promulgate an order without a full hearing and the production of evidence to support the findings upon which the order is based."

In the instant case, the orders appealed from were made without either a hearing or the production of evidence to support them.

We conclude that the Public Utilities Commission

has no jurisdiction to make an order, directing a railroad to continue operating certain trains that the railroad proposes to discontinue, where no abandonment of passenger service at any station served by such trains will result and where such order is promulgated without a full hearing and without the production of evidence to support it.

The commission suggests that the orders appealed from are not final appealable orders. If we assume that they are not, the notice of appeal and the record before the commission disclose that the commission has no jurisdiction to make those orders. In such an instance, this court has original jurisdiction in prohibition to prevent the commission from issuing such orders. We see no reason for not exercising that jurisdiction in the instant case if the commission had no jurisdiction to make the orders of January 2 and 23, 1968.

For the foregoing reasons, the commission is directed to rescind the orders appealed from.

*Judgment accordingly.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.