GRINDELL ET AL., APPELLEES, *v.* HUBER, APPELLANT.

[Cite as Grindell v. Huber (1971), 28 Ohio St. 2d 71.]

72

(No. 71-41—Decided November 24, 1971.)

*Messrs. Mahon, Tudor, VanDyne & Tudor* and *Mr. Arthur D. Tudor*, for appellees.

*Mr. John L. Roof*, for appellant.

CORRIGAN, J.   Defendant offers two propositions of law for consideration, one pertaining to whether the defenses of unavoidable accident and contributory negligence are consistent, and one relating to the validity of the special instruction given on the issue of unavoidable accident.   Due to the posture of the cause, however, resolution of the latter question will dispose of the appeal.

In reversing the judgment, the Court of Appeals found as to the father's cause of action that "* * * the special charge and that portion of the general charge relating to unavoidable, or inevitable, accident were erroneous * * *

because the defendant placed the father's contributory negligence in issue and could not consistently claim that the injury was proximately caused by an unavoidable accident."

Paragraph three of the syllabus in *Whitehead* v. *Genl. Tel. Co.* (1969), 20 Ohio St. 2d 108, reads:

"Where a defendant negligently causes injury to a minor child, that single wrong gives rise to two separate and distinct causes of action: an action by the minor child for his personal injuries and a derivative action in favor of the parents of the child for the loss of his services and his medical expenses."

That case held that:

"Where a court determines, in an action by the parents of an injured minor child, that a defendant is not liable to the parents for the loss of services and medical expenses of the child, that judgment does not collaterally estop the child from bringing an action against that same defendant to recover damages for her personal injuries, so long as it does not appear from the record in that prior action that the child was a party, or that the child was a real party in interest, or that the child had control over that litigation, or that the parents and child were in privity."

Here, the action of the parent for medical expenses has been joined with the action of the minor for damages for personal injuries. Inasmuch as the parent's action is derivative, a defendant, if he is not liable for the minor's injuries, cannot be held accountable for the medical expenses arising therefrom. See, also, 59 American Jurisprudence 2d 222, Parent and Child, Section 121.

From the foregoing, it follows that if the special instruction was not erroneous in substance as it related to the infant plaintiff's action it is of no consequence whether, as the Court of Appeals held, the trial court erred in submitting such instruction to the jury in the father's action.

We turn now to the question of the soundness of the trial court's instructions on unavoidable accident.

As to the child's cause of action, the Court of Appeals

held that the instructions on unavoidable accident were warranted but that the special instruction given on that subject was erroneous in content.

The special instruction reads:

"* * * you are further instructed that an unavoidable accident, in its ordinary meaning, is an occurrence not contemplated by either party, and which occurs without fault or negligence of either. In the event that a party is injured in an unavoidable accident, as herein defined, he has no right to recover damages from any other party to the accident, since the law requires that a person be injured by the fault or neglect of another as a prerequisite to any right to damages."

Instructions on unavoidable accident have been considered appropriate in other jurisdictions in cases of injuries to children running into the street (annotation, 65 A. L. R. 2d 12, 95), and we agree with the conclusion of the Court of Appeals that such instructions were appropriate here.

The Court of Appeals found erroneous that portion of the special instruction defining unavoidable accident as "an occurrence not contemplated by either party, and which occurs without fault or negligence of either." For its reason therefor the court stated: "As by its very nature the concept of unavoidable accident excludes all possibility of negligence it necessarily follows that the test for same must be objective, *i. e.*, that in the exercise of due care it could not have been contemplated, and not merely the subjective test that it was not actually contemplated."

In support of its position that the test for unavoidable accident must be objective, the court cited *Uncapher* v. *Baltimore & Ohio Rd. Co.* (1933), 127 Ohio St. 351, 358, where unavoidable accident is defined as an occurrence which "could not have been foreseen or anticipated in the exercise of ordinary care."

We are in agreement that the test which a trier of fact is to apply in determining the issue of unavoidable accident must be objective but we do not agree that the special

instruction given herein provided a subjective test on that issue for the jury to consider. The instruction did not define "unavoidable accident" merely as being "an occurrence not contemplated by either party," but as "an occurrence not contemplated by either party, *and which occurs without fault or negligence of either."* (Emphasis added.)

Moreover, in its general charge, the trial court instructed the jury as follows:

"If the defendant claims that the accident was unavoidable, you are instructed that an accident is an event that is both unusual and unexpected. An accident may or may not be caused by the negligence of a person. An issue which you must decide is whether any act or omission of the defendant violated a legal duty so as to constitute negligence.

"An accident is unavoidable if it is not caused by the negligence of any person and if it could not have been foreseen and avoided by the use of ordinary care.

"The claim of defendant that the accident was unavoidable is simply a denial of negligence in any form, and if you find none of the parties negligent and that the accident was unavoidable, then your verdict should be for defendant."

This instruction properly sets forth the definition expressed in *Uncapher* and follows closely the language found in 1 Ohio Jury Instructions, Instruction No. 7.29.

The introductory language of the foregoing Instruction No. 7.29 states that "an accident is an event that is both unusual and unexpected." The words of the special instruction condemned by the Court of Appeals state that an "unavoidable accident * * * is an occurrence not contemplated by either party." When these two instructions are placed in juxtaposition, it is readily apparent that they say the same thing in different words. More significantly, *neither specifies the test to be applied in determining the issue of unavoidable accident.* That test appears in a subsequent portion of the unavoidable accident instructions given by the trial court in its general charge, to wit: "An

accident is unavoidable if it is not caused by the negligence of any person and if it could not have been foreseen and avoided by the use of ordinary care."

From the foregoing analysis of the special and general instructions given by the trial court it can be seen that although the special instruction did not provide the jury with the test to be applied in determining the issue of unavoidable accident, the general instructions supplied the proper test. Thus, the jury was not furnished differing instructions on the subject of unavoidable accident.

We hold, therefore, that the instructions as given correctly set forth the test for the jury to apply on the issue of unavoidable accident, that they did not confuse the jury, and that the verdict reached pursuant to those instructions must be reinstated.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, BRENNEMAN, STEPHENSON and LEACH, JJ., concur.

BRENNEMAN, J., of the Ninth Appellate District, sitting for DUNCAN, J.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.