**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 492.]**

COLEMAN ET AL. *v*. SANDOZ PHARMACEUTICALS CORPORATION ET AL.

[Cite as *Coleman v. Sandoz Pharmaceuticals Corp*., 1996-Ohio-292.]

*Torts—Minor child has cause of action for loss of parental consortium against a third- party tortfeasor who negligently or intentionally injures the child's parent—Gallimore v. Children's Hosp. Med. Ctr. is applicable retroactively.*

(No. 95-912—Submitted November 7, 1995—Decided February 14, 1996.)

ON ORDER from the United States District Court for the Northern District of Ohio, Western Division Certifying Three Questions of State Law, No. 3:91CV7573.

——————————

*Murray & Murray Co., L.P.A.*, *Thomas J. Murray* and *Nancy L. Ogden,* for respondents Janette Coleman et al.

*Balk, Hess & Miller* and *Richard H. Carr*; for intervening respondent Brandi Coleman, a minor child.

*Rohrbacher, Nicholson & Light Co., L.P.A., David J. Rohrbacher, C. Randolph Light, Beverly J. St. Clair, Barbara A. Braun Hafner* and *Diane J. Knoblauch,* for petitioner Sandoz Pharmaceuticals Corporation.

*Vorys, Sater, Seymour & Pease* and *Edgar A. Strause; Wilmer, Cutter & Pickering, David P. Donovan, Roger W. Yoerges* and *Kimberly M. Hult*, in support of petition, for *amicus curiae* American Cyanamid Company.

——————————

{¶ 1} The following questions have been certified to us by the United States District Court for the Northern District of Ohio, Western Division, pursuant to S.Ct.Prac.R. XVIII:

"The first questions [*sic*] of law presented in the instant case, therefore, is whether *Gallimore* [*v. Children's Hosp. Med. Ctr*. (1993), 67 Ohio St.3d 244, 617

N.E.2d 1052] is retroactive so that Brandi Coleman may maintain a cause of action for loss of parental consortium even though the incident at issue took place before *Gallimore* was decided. Second, if *Gallimore* is retroactive, the question becomes whether Brandi Coleman's loss of parental consortium claim is outside of the statute of limitations because it was not joined with Janette Coleman's case, or whether such requirement does not apply in this case because it was not feasible. Third, in a case such as this where the intervening minor child has sued additional parties as defendants, an additional question presented is whether a derivative loss of parental consortium claim that is filed by an intervening child can be brought against additional defendants where the parent's case in chief has only one defendant."

{¶ 2} We answer the first and third certified questions in the affirmative.

{¶ 3} As to the second certified question, in *Gallimore*, *supra*, we approved of the reasoning of Justice Resnick in her dissent in *High v. Howard* (1992), 64 Ohio St.3d 82, 592 N.E.2d 818, where she wrote as follows:

"The only realistic concern expressed by the majority is the problematic area regarding multiple suits. Yet, the Sixth District Court of Appeals, in *Farley* [*v.Progressive Cas. Ins. Co.* (Feb. 21, 1992), Lucas App. No. L-90-323, unreported, 1992 WL 32111], *supra,* considered the question and reached a very coherent, sensible solution—one that I recommend this court adopt. That court framed and answered the issue as follows:

"'***R.C. 2305.16 tolls the statute of limitations for minors until they reach the age of majority. Thus, a minor would potentially have many years after the parent's injury to bring a cause of action for loss of parental consortium. This would impede settlement of the injured parent's claim and the spouse of the injured parent's loss of consortium claim, since a tortfeasor, or his insurance company, would be most likely to resist settling a portion of the damages arising from one injury without settling all of them. Further, if a case were not settled, the injured

parent and spouse could file their lawsuit within two years from the date of injury and a separate lawsuit could potentially be filed by each child many years later.

"'This problem has been dealt with in other jurisdictions by requiring joinder of all minors' consortium claims with the injured parent's claim whenever feasible.***We believe that this is a sensible solution to the problem and hold that *a child's loss of parental consortium claim must be joined with the injured parent's claim whenever feasible*.'"  (Emphasis added.) *Id.* at 94-95, 592 N.E.2d  at 826-827.

**{¶ 4}** We find nothing in the record before us to show that joinder of Brandi Coleman's cause of action for loss of parental consortium to her mother's cause of action is not just and feasible.  Moreover, since the statute of limitations for Brandi's *independent* cause of action for loss of parental consortium is majority plus four years (see R.C. 2305.09), there is no statute-of-limitations problem.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., WRIGHT and COOK, JJ., dissent.

———————————

**COOK, J., dissenting.**

**{¶ 5}** I respectfully dissent.  As to the first certified question, I would answer the question in the negative.

**{¶ 6}** In *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 255, 617 N.E.2d 1052, 1060, this court plainly stated, "[w]e further order that our holdings today be applied only prospectively and, of course, to the case at bar." Justice Resnick's dissent in *High v. Howard* (1992), 64 Ohio St.3d 82, 96, 592 N.E.2d 818, 827, upon which the majority in *Gallimore* relied, stated, "[t]his holding should be applied prospectively, and only to the instant case and to any actions *arising* on or after the date of this decision."  (Emphasis added.)

**{¶ 7}** In the usual case, retroactivity is not an issue.  The courts simply apply their best understanding of current law in resolving each case that comes before

them. *James B. Beam Distilling Co. v Georgia* (1991), 501 U.S. 529, 535, 111 S.Ct. 2439, 2443, 115 L.Ed.2d 481, 488. While generally a lower court reviewing a pending matter applies the most recent state court decision, even if the decision was announced after the operative events occurred, this court has the authority to make its rulings prospective only. *OAMCO v Lindley* (1987), 29 Ohio St.3d 1, 29 OBR 122, 503 N.E.2d 1388, syllabus, citing *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.* (1932), 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360, 366. See, also, *Harper v. Virginia Dept. of Taxation* (1993), 509 U.S. ___, 113 S.Ct. 2510, 2518-2519, 125 L.Ed.2d 74, 88. In *OAMCO*, this court declared that its decision, with the exception of the subject litigants, should only receive prospective application to transactions occurring after the date of the issuance of the decision.

{¶ 8} I favor application of *Gallimore* only to actions arising after the decision based on a balancing of the equities. First, *Gallimore* was unmistakably a break from precedent. As the cause of action for loss of parental consortium did not exist in Ohio prior to *Gallimore,* parties foreclosed by a prospective application cannot be said to have had an expectation revoked. On the other side, however, the potential tortfeasors who may reasonably have expected that all claims against them had been resolved or waived, may now face claims eighteen years old (given the tolling statute). Moreover, given the language of *Gallimore* and *High* cited above, parties will have resolved claims during the interim between the announcement of *Gallimore* and this decision which will now be subject to further litigation. The balance of fairness, therefore, I believe, lies in applying *Gallimore* to cases arising after that decision.

{¶ 9} Answering the first issue in the negative would render moot the second and third certified questions.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

————————————