HAGUE, Appellant,

v.

STEPHEN J. LEWIS, M.D., INC., et al., Appellees.

[Cite as *Hague v. Stephen J. Lewis, M.D., Inc.* (1998), 134 Ohio App.3d 509.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970481.

Decided June 26, 1998.

*Isaac, Brant, Ledman & Teetor, J. Stephen Teetor, James M. Roper* and *Terri B. Gregori,* for appellant.

*McCaslin, Imbus & McCaslin* and *Philip J. Marsick,* for appellees.

GORMAN, Judge.

Plaintiff-appellant Alex Hague, a minor, appeals from the summary judgment granted in favor of defendants-appellees, Stephen J. Lewis, M.D., Inc., and Stephen J. Lewis, M.D. ("Dr. Lewis"), on his claim of loss of parental consortium.[1] At issue is whether a minor child with a derivative claim must be joined as a party to his father's medical negligence action, and what the effect is if he is not joined. Because Dr. Lewis did not contend, in the father's action, that Alex ought to have been joined as a party, he is precluded from asserting that defense in Alex's independent action.

In June 1994, Wayne Hague and his second wife, Nonie Hague, filed a complaint alleging medical negligence by Dr. Lewis for failure to diagnose a spinal abscess that rendered Wayne a quadriplegic. His wife's claim was for loss of spousal consortium. Wayne was deposed by Dr. Lewis's counsel during discovery and testified that he had a minor son, Alex, from a previous marriage, who lived with his mother in Ft. Thomas, Kentucky. Seventeen months later, a jury awarded Wayne and Nonie Hague damages in excess of one million dollars.

In January 1997, Alex brought this independent action seeking money damages against Dr. Lewis for loss of parental consortium.[2] Dr. Lewis moved for

---

1. We have *sua sponte* removed this cause from the accelerated calendar.

2. The Supreme Court of Ohio recognized a minor child's cause of action for loss of parental consortium against one who has negligently harmed the child's parent in *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052, paragraph two of the syllabus.

summary judgment, contending that the child's claim was barred for failure to join it in the prior action with his father's medical negligence claim. On May 16, 1997, the trial court, without explanation, granted Dr. Lewis's motion.[3]

In a single assignment of error, Alex contends that summary judgment for Dr. Lewis was improper because the doctor waived the failure-to-join defense when it was not timely asserted in the trial of the underlying medical negligence claim. The parties agree that no genuine issues of material fact remain for trial. Therefore, this court must uphold the summary judgment if "the moving party [was] entitled to judgment as a matter of law." Civ.R. 56(C).

Both parties agree that the compulsory-joinder provisions of Civ.R. 19.1 do not apply. The rule expressly provides for compulsory joinder of persons bringing derivative claims like spousal consortium or a parent's consortium claim where a minor child is injured. Civ.R. 19.1(A)(2) and (3). Logically, and in fairness, the joinder of a minor child raising a loss-of-parental-consortium claim should also be controlled by Civ.R. 19.1. In 1996, after the Supreme Court, in *Gallimore v. Children's Hosp. Med. Ctr.*, *supra*, recognized the loss-of-parental-consortium claim for the first time, Civ.R. 19.1 was amended to employ the more inclusive term "consortium" rather than the term "services" as noted in the syllabus paragraphs of the *Gallimore* decision. But no corresponding amendment was made to require the compulsory joinder of a party bringing a loss-of-parental-consortium claim.

In the absence of compulsory joinder by rule or by statute, the joinder of a minor bringing a derivative claim is determined by Civ.R. 19, entitled "Joinder of persons needed for just adjudication." See *Coleman v. Sandoz Pharm. Corp.* (1996), 74 Ohio St.3d 492, 494, 660 N.E.2d 424, 426. A party asserting a claim for relief in the underlying suit "shall state the names, if known to the pleader, of any persons" who would leave another party subject to a substantial risk of multiple obligations and "who are not joined, and the reasons why they are not joined." Civ.R. 19(C); see Civ.R. 19(A). If a person needed for a just adjudication has not been joined by the parties, "the court shall order that he be made a party *upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7)*." (Emphasis added.) Civ.R. 19(A). The rule expressly provides that if the defense is not timely asserted, it is waived as provided in Civ.R. 12(G) and 12(H). *Id.*

---

3. In the same entry, the court granted Alex's motion for summary judgment on the issue of liability, as the prior verdict established that Lewis was negligent and had proximately caused Wayne Hague's injury. Neither party has assigned as error this part of the court's entry.

■ In the seventeen months after all the parties in the father's medical negligence action became aware of the minor son's existence, none of the parties apprised the trial court he was needed for just adjudication and should be joined. The Hagues did not amend their complaint to name Alex in accordance with Civ.R. 19(C). Similarly, Dr. Lewis did not plead or otherwise assert the defense of failure to join a party pursuant to Civ.R. 19(A). The assertion of a joinder defense appeared for the first time of record in Dr. Lewis's February 7, 1997, answer filed in Alex's case.

While Civ.R. 19(C) contains no specific sanction, absent a showing of bad faith or deception for Wayne Hague's failure to name Alex as a party to be joined, Civ.R. 19(A) provides that the failure to join a party who should be joined is waived if not timely asserted by the means identified in Civ.R. 12(B)(7). Therefore, since Dr. Lewis did not assert the defense at a time when the trial court could have ruled on whether Alex ought to have been joined as a party in the father's action, Dr. Lewis is now precluded from asserting that defense in this case. Civ.R. 12(G) and 12(H). The assignment of error is sustained.

Therefore, that portion of the trial court's May 16, 1997, judgment entering summary judgment for Dr. Lewis is reversed and the cause is remanded for further proceedings.

*Judgment reversed in part*
*and cause remanded.*

HILDEBRANDT, P.J., and PAINTER, J., concur.