DECISION AND JUDGMENT ENTRY
Charles Wheeler, on behalf of his minor children, appeals the dismissal of his case by the Gallia County Court of Common Pleas. Wheeler advances various arguments in his three assignments of error in support of his contention that the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6). Because we find that the trial court erred in considering matters outside the complaint, and because we find that the error is not harmless, we agree. Accordingly, we reverse and remand the decision of the trial court.
 I.
In 1990, the children's mother, Carolyn Wheeler, was admitted to the Holzer Medical Center because she was in active labor. Holzer personnel delivered Samuel Wheeler by Cesarean section. Because of complications during the surgery, Carolyn Wheeler suffered brain damage, physical abnormalities and the loss of her right hand.
In 1992, Carolyn and Charles Wheeler filed suit against the doctors and other Holzer personnel involved in Carolyn Wheeler's care, Holzer Medical Center, and Holzer Clinic, Inc (collectively referred to as "the defendants"). In January 1994, the parties entered into a settlement agreement ("the agreement"). As a result, the federal district court dismissed the complaint with prejudice.
In October 2000, Charles Wheeler as the father and natural guardian of the minor children filed a complaint against the defendants in Gallia County Court of Common Pleas. In the complaint, Charles Wheeler alleged that Charles Wheeler, Jr. was born on February 28, 1986, Carrie C. Wheeler was born on August 6, 1988, and Samuel L. Wheeler was born on November 13, 1990. The complaint alleged the same factual background as the complaints filed by Charles and Carolyn Wheeler. The complaint averred a cause of action based upon the children's loss of "society, companionship, affections, comfort, guidance, and counsel of their mother, Carolyn Wheeler," and averred that the children suffered and expect to suffer a loss of services, extreme emotional distress, and mental anguish.
Holzer Medical Center filed an answer. The remaining defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. These defendants attached several exhibits to their motion, including a copy of the agreement. Once Charles Wheeler filed a memorandum in response with attached exhibits, Holzer Medical Center filed a motion to dismiss along with exhibits. After the parties fully briefed the issue and the trial court held a hearing[1] on the motions, the trial court dismissed the complaint.
Charles Wheeler's motion to appoint a guardian ad litem for the minor children was pending[2] at the time of the dismissal. He alleged that he had a conflict of interest and could not serve as the children's guardian for this action.
Wheeler appeals and asserts the following assignments of error:
I.
 The trial court erred in granting the defendants' motions to dismiss on the ground that the children's "loss of parental consortium" claims were included in the [agreement].
II.
 The trial court erred in finding that the [agreement] was enforceable against the minor children when the [agreement] was not signed on the children's behalf and the probate court did not approve it.
III.
 The trial court erred in holding that the indemnification provision in the [agreement] barred the minor children from pursuing their loss of parental consortium claims.
 II.
We consider all of Wheeler's assignments of error together because they all allege that the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6).
Civ.R. 12(B)(6) provides that a trial court may grant a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." When ruling on a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all factual allegations in the complaint. Mitchell v. Lawson Milk Co. (1989), 40 Ohio St.3d 190, 193. Additionally, the court must draw all reasonable inferences in favor of the nonmoving party. Id. However, the trial court is not required to draw conclusions that are not suggested by the factual allegations. Id. The court may grant a motion to dismiss only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief. Tulloh v. Goodyear Atomic Corp. (1992),62 Ohio St.3d 541, 544; Wilson v. Ohio (1995), 101 Ohio App.3d 487, 491. We review a dismissal under Civ.R. 12(B)(6) de novo. Hunt v. MarksmanPros. Div. of S/R Industries, Inc. (1995), 101 Ohio App.3d 760, 762.
In considering a Civ.R. 12(b)(6) motion to dismiss, a court is limited to the four corners of the complaint. Thompson v. Central Ohio Cellular,Inc. (1994), 93 Ohio App.3d 530. If the motion or the response relies upon matters outside of the complaint, the trial court must treat the motion to dismiss as a Civ.R. 56 motion for summary judgment. State exrel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995),72 Ohio St.3d 94, 96, citing State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548. If the court converts the motion to dismiss for failure to state a claim into a motion for summary judgment, the court must provide notice that it has done so to all parties at least fourteen days before the time fixed for hearing. Petreyv. Simon (1983), 4 Ohio St.3d 154, paragraph two of the syllabus.
Here, the first Civ.R. 12(B)(6) motion to dismiss relied upon matters outside the complaint, i.e., the exhibits attached to the motion to dismiss. Thus, the trial court should have treated the motion as a Civ.R. 56 motion for summary judgment and so notified the parties in a timely manner. We find that the trial court erred in failing to treat the first motion to dismiss as a motion for summary judgment; however, it is possible for the trial court's failure to give notice to be harmless error if the complaint, as a matter of law, does not state a claim for relief.See, e.g., Trubatch v. Society Nat'l Bank (Sept. 20, 2000), Summit App. No. 19889, unreported.
Holzer Medical Center argues that the trial court's error in failing to convert the first motion to dismiss to a motion for summary judgment is harmless because, as a matter of law, the minor children do not have claims for loss of parental consortium because at the time of the underlying incident, no such claim was recognized in Ohio.
"* * * [A] minor child has a cause of action for loss of parental consortium against a third party tortfeasor who negligently or intentionally causes physical injury to the child's parent. Consortium includes society, companionship, affection, comfort, guidance and counsel." Gallimore v. Children's Hospital Medical Center (1993),67 Ohio St.3d 244, paragraph two of the syllabus, overruling High v.Howard (1992), 64 Ohio St.3d 82. In Gallimore, the Ohio Supreme Court ordered that its holding be applied only prospectively. Gallimore at 255. However, the Ohio Supreme Court later applied the Gallimore ruling to case where "the incident at issue took place before Gallimore was decided" and the lawsuit was pending after Gallimore was decided. Colemanv. Sandoz Pharmaceuticals Corp. (1996), 74 Ohio St.3d 492, 493.
Prospective application of a court's decision requires a court to apply the most recent state court decision to a pending case, even if it was announced after the operative events or the entry of Judgment by the lower court. See generally, Linkletter v. Walker (1965), 381 U.S. 618;Junge v. Brothers (1985), 16 Ohio St.3d 1; Gillota v. Gillota (1983),4 Ohio St.3d 222. Therefore, Gallimore applies to this case and the children have a cause of action for loss of parental consortium.Coleman, supra.[3] See, also, Goodrick v. Didovic (May 5, 1994), Cuyahoga App. No. 65093, unreported (applying Gallimore to an appeal even though the trial court rendered its decision prior to the Supreme Court deciding Gallimore). Therefore, the trial court's error was not harmless because, as a matter of law, the complaint did not fail to state a claim upon which relief could be granted.
We sustain Wheeler's assignments of error to the extent that they allege that the trial court erred in granting the Civ.R. 12(B)(6) motion. We do not address the remaining arguments because they are moot. App.R. 12(A)(1)(c). Accordingly, we reverse the decision of the trial court and remand this case for proceedings consistent with our opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Roger L. Kline, Judge.
[1] There is no transcript of this hearing in the record.
[2] We assume that the trial court overruled this motion because it failed to rule on it and because its dismissal of the case negated the need for a guardian ad litem. State v. Rozell (June 20, 1996), Pickaway App. No. 95CA17, unreported.
[3] Because there is Ohio precedent to guide us on whether Gallimore
applies to this case, we decline the defendants' invitation to examine foreign case law.