DECISION AND JUDGMENT ENTRY
{¶ 1} Carlos O. Garcia, guardian ad litem for Carrie Christina Wheeler and Samuel Louis Wheeler, appeals the Gallia County Court of Common Pleas' decision entering summary judgment in favor of the defendants-appellees on their claim for loss of consortium of their mother due to the defendants' medical malpractice. Garcia contends that the trial court erred in granting summary judgment because the defendants did not object to the parents' failure to join their children in their underlying medical malpractice action. Because we find that Civ.R. 19 governs the requirement that a child join his claim with his injured parent's claims "whenever feasible," and because Civ.R. 19 specifically provides that a defendant waives the failure to join exception if he does not raise it in the underlying action, we agree. Accordingly, we reverse the judgment of the trial court.
 I. {¶ 2} In 1990, the children's mother, Carolyn Wheeler, went to the Holzer Medical Center because she was in active labor. Holzer personnel delivered Samuel by Cesarean section. Because of complications during the surgery, Carolyn Wheeler suffered brain damage, physical abnormalities, and the loss of her right hand.
 {¶ 3} In 1992, Carolyn and Charles Wheeler filed suit in the United States District Court against the doctors and other Holzer personnel involved in Carolyn Wheeler's care, against Holzer Clinic, Inc., and against Holzer Medical Center (collectively, "the defendants"). At the time, the State of Ohio did not recognize a cause of action by a child for loss of parental consortium. See High v. Howard (1992),64 Ohio St.3d 82, syllabus. In their answers to the Wheeler's complaint, the defendants asserted the defense of failure to join a party or parties necessary for just adjudication of the claim. However, the defendants did not indicate who the necessary parties might be, and did not pursue the defense further in court.
 {¶ 4} In 1993, the Ohio Supreme Court reversed itself and held that a minor child has a cause of action for loss of parental consortium against a tort-feasor who causes physical injury to the child's parent. Gallimorev. Children's Hosp. Med. Ctr. (1993), 67 Ohio St.3d 244, paragraph two of the syllabus. Shortly thereafter, the Wheelers prepared a motion to join the children as parties to their suit. However, they never filed the motion. During settlement negotiations, the parties' formal demands and offers included specific provisions for each of the children. However, the settlement agreement that the parties executed did not mention the children. After the parties settled, the federal district court dismissed the Wheelers' complaint with prejudice.
 {¶ 5} In October 2000, Charles Wheeler, as the father and natural guardian of the minor children, filed a complaint against the defendants in the Gallia County Court of Common Pleas. Garcia later replaced Wheeler as guardian of Carrie and Samuel. The complaint alleged the same factual background as the complaint filed by Carolyn and Charles Wheeler in the federal district court. The complaint asserted a cause of action based upon the children's loss of "society, companionship, affections, comfort, guidance, and counsel of their mother, Carolyn Wheeler," and averred that the children suffered and expect to suffer a loss of services, extreme emotional distress, and mental anguish.
 {¶ 6} Holzer Medical Center filed an answer. The remaining defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. These defendants attached several exhibits to their motion, including a copy of the settlement agreement between the Wheeler parents and the defendants. Once the children filed a memorandum in response with attached exhibits, Holzer Medical Center filed a motion to dismiss along with exhibits. The trial court considered the arguments and exhibits, and dismissed the complaint.
 {¶ 7} We reversed in Wheeler v. O'Rourke (Aug. 24, 2001), Gallia App. No. 01CA3, because the trial court considered material outside the pleadings without converting the motion to dismiss to a motion for summary judgment. In so holding, we found that the trial court's error prejudiced the children because the rule articulated in Gallimore applies to this case, and thus the children have a potential claim for loss of parental consortium. Wheeler, citing Coleman v. Sandoz Pharmaceuticals Corp.
(1996), 74 Ohio St.3d 492, 493.
 {¶ 8} Following remand, the defendants subpoenaed certain documents from the Wheelers' attorneys in the federal district court case. The trial court denied the children's motion to quash the subpoena. On an interlocutory appeal, we reversed because the trial court based its decision on the non-existent "fundamental fairness and fair play exception" to the attorney-client privilege. Garcia v. O'Rourke, Gallia App. No. 02CA16, 2003-Ohio-2780.
 {¶ 9} After the second remand, the defendants filed motions for summary judgment, arguing that the children can no longer pursue their claims because they failed to join their claims with the injured parent's claims. The children argued that the defendants waived this defense by failing to move for joinder in their parents' underlying lawsuit. The defendants filed a reply. The children filed a motion for leave to file a surreply, and attached their surreply. The trial court did not explicitly rule on the motion to file the surreply. Instead, it issued a decision in which it found that the children failed to demonstrate that it was not feasible for them to join their claims with their injured mother's lawsuit. Therefore, the trial court granted the defendants' motions for summary judgment. The court also overruled all of the children's pending motions.
 {¶ 10} The children appeal, asserting the following assignments of error: "I. The trial court erred in granting summary judgment to the defendants on the ground that it would have been feasible for the minor children's claims to have been joined in the parents' lawsuit. II. The trial court erred in granting summary judgment to defendants on the ground that `It is unjust to subject them to a second suit and the possibility of having to pay twice for the same acts of (alleged) negligence.' III. The trial court abused its discretion in implicitly overruling plaintiff's motion for leave to file surreply instanter."
 II. {¶ 11} In their first two assignments of error, the children argue that the trial court erred in ruling that it was required to dismiss their claims because they did not join their claims with their injured parent's medical malpractice claim, and because their failure to due so unjustly subjected the defendants to a second lawsuit. The trial court noted that the children did not present any evidence that it was not feasible for them to join in their parents' lawsuit, and determined that it was, in fact, feasible for the children to join in the parents' lawsuit. The children contend that the defendants are estopped from raising the "joinder if feasible" argument because they did not raise the argument in the parents' lawsuit.
 {¶ 12} Summary judgment is appropriate only when it has been established that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. The court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First UnitedMethodist Church (1994), 68 Ohio St.3d 531, 535.
 {¶ 13} In reviewing an entry of summary judgment, we must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead,75 Ohio App.3d at 411-12. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also,Schwartz v. Bank-One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 14} Here, the parties do not dispute the facts that led to the trial court's ruling. Specifically, there is no dispute that all parties to the parents' lawsuit were aware of the children's existence and aware of their potential claims arising under Gallimore. The parties do not dispute that the parents prepared a motion to join the children but never filed it. Additionally, the parties do not dispute that the defendants did not object to the parents' failure to join the children after their initial blanket statement that the parents failed to join all necessary parties.
 {¶ 15} As noted above, the Ohio Supreme Court first recognized a minor child's cause of action for loss of parental consortium in Gallimore,67 Ohio St.3d 244, at paragraph two of the syllabus. The Court further clarified that "[c]onsortium includes society, companionship, affection, comfort, guidance and counsel." Id. Due to the concern that permitting children to file loss of parental consortium claims would give rise to multiple lawsuits, the Ohio Supreme Court adopted from other jurisdictions the rule that "a child's loss of parental consortium claim must be joined with the injured parent's claim whenever feasible." (Citations omitted.) Coleman, 74 Ohio St.3d at 493-494.
 {¶ 16} The "whenever feasible" rule protects defendants from being subject to multiple lawsuits and encourages settlement of claims arising from the same incident. Id. However, the Court has not addressed the issue of whether the burden of raising joinder in the underlying suit lies with plaintiffs or defendants. Some jurisdictions hold that this burden belongs with the plaintiff. See Desjarlais v. USAA Ins. Co. (R.I. 2003), 824 A.2d 1272; Ueland v. Reynolds Metal Co. (Wash. 1984),691 P.2d 190. Others have placed the burden on the defendant. SeeVillareal v. Arizona Dept. of Trans., (Ariz. 1989), 774 P.2d 213.
 {¶ 17} Civ.R. 19.1 expressly provides for compulsory joinder of persons bringing derivative claims like spousal consortium or a parent's consortium claim where a minor child is injured. Civ.R. 19.1(A)(2) and (3). "Logically, and in fairness, the joinder of a minor child raising a loss-of-parental-consortium claim should also be controlled by Civ.R. 19.1." Hauge v. Lewis (1998), 134 Ohio App.3d 509, 511. In 1996, after the Ohio Supreme Court decided Gallimore and Coleman, the Court amended Civ.R. 19.1 to employ the more inclusive term "consortium" rather than the term "services." Civ.R. 86(T). But the Court did not make a corresponding amendment to require the compulsory joinder of a party bringing a loss-of-parental-consortium claim. See Civ.R. 19.1.
 {¶ 18} "In the absence of compulsory joinder by rule or by statute, the joinder of a minor bringing a derivative claim is determined by Civ.R. 19, entitled `Joinder of persons needed for just adjudication.'"Hauge at 511, citing Coleman at 494. Pursuant to Civ.R. 19, a plaintiff must state in his pleadings the names, if known to him, of any person who would leave another party to the lawsuit subject to a substantial risk of multiple obligations and who the plaintiff did not seek to join as a party to the action. Civ.R. 19(A) and (C). If a person needed for a just adjudication is joined by the parties, "the court shall order that he be made a party upon timely assertion of the defense of failure to join aparty as provided in Rule 12(B)(7)." (Emphasis added.) Civ.R. 19(A). The rule expressly provides that if a party fails to timely assert the defense, he waives the defense as provided in Civ.R. 12(G) and 12(H). Id.
 {¶ 19} Pursuant to Civ.R. 12(H)(2), a party may raise the defense of failure to join an indispensable party by pleading, motion for judgment on the pleadings, or at trial. However, a party must not only initially raise the defense, but must demonstrate or prosecute the defense through either a motion or presentation of the defense at trial. StandardPlumbing Heating Co. v. Farina (Sept. 17, 2001), Stark App. Nos. 2001CA18 and 2001CA34; Mihalic v. Figuero (May 26, 1988), Cuyahoga App. No. 53921. An unspecific and unsupported allegation of failure to join a party, without further affirmative action to prosecute the raised defense, does not provide the trial court with information necessary to adjudicate the claimed defense. Id. Thus, a mere conclusory allegation results in a waiver of the defense. Id. See, also, 1 Baldwin's Ohio Civil Practice (2 Ed. 2004) Section 19:22.
 {¶ 20} Here, the defendants raised the defense of failure to join a necessary party in their answer. However, they did not make the allegation with specificity. At the time they raised the defense, no cause of action for loss of parental consortium existed. See High,
supra. Although all the parties were aware of the change in the law brought about by Gallimore, the defendants did not take any further affirmative action to pursue the defense of failure to join a party needed for just adjudication by naming the children as necessary parties or requesting that the court join them. Thus, pursuant to the express provisions of Civ.R. 19, the defendants waived the defense of failure to join a party.
 {¶ 21} Because the defendants waived the defense of failure to join the children as necessary parties in the underlying action, and failed to give the federal district court the opportunity to address the issue that they might be subject to multiple litigation, they cannot benefit from the defense now. Thus, we find that the trial court erred in ruling that the children's failure to join in their parents' lawsuit was fatal to their claim. Accordingly, we sustain the children's first two assignments of error. We decline to address the children's remaining assignment of error because it is moot. See App.R. 12(A)(1)(c).
 {¶ 22} We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.