FEHRENBACH ET AL., APPELLEES, v. O'MALLEY ET AL., APPELLANTS.

[Cite as *Fehrenbach v. O'Malley,*
113 Ohio St.3d 18, 2007-Ohio-971.]

(Nos. 2005–2283 and 2005–2301—Submitted November 14, 2006—Decided March 21, 2007.)

---

MOYER, C.J.

{¶ 1} On this appeal we are asked to answer the following question, certified to this court as a conflict by the First Appellate District: "Whether the provisions of R.C. 2305.16, which toll a statute of limitations for a minor child's negligence claim, inure to the benefit of parents bringing derivative claims for loss of consortium and medical expenses by also tolling the statute of limitations for those claims."

## A

{¶ 2} The minor child, Tara Fehrenbach, suffered permanent injuries as a result of bacterial meningitis. Tara's parents, appellees Gina and Thomas Fehrenbach ("Fehrenbachs") eventually sued appellants, Tara's pediatrician Kathryn O'Malley, M.D., and O'Malley's employer, Suburban Pediatric Associates (collectively, "Dr. O'Malley"), alleging medical negligence in failing to correctly diagnosis and treat the meningitis. The Fehrenbachs sued both as Tara's guardian and in their own right for loss of consortium and other claims. They do not dispute that the accrual date for Tara's injuries was not later than December 1991.

{¶ 3} The Fehrenbachs filed their complaint in January 1997, over five years after their claims accrued. Upon Dr. O'Malley's motion for partial summary judgment, the trial court found that the claims for loss of consortium and medical expenses were barred by the statute of limitations and entered judgment on these claims for O'Malley. After a jury trial on the other issues, the Fehrenbachs appealed the summary judgment in conjunction with other alleged errors. The court of appeals reversed the judgment of the trial court and held that "the interests of Tara and her parents were 'joint and inseparable'" and that "the tolling provisions of R.C. 2305.16 inure to the benefit of parents pursuing a claim for loss of consortium and medical expenses." *Fehrenbach v. O'Malley,* 164 Ohio App.3d 80, 2005-Ohio-5554, 841 N.E.2d 350, ¶ 66 and 70.

{¶ 4} We accepted Dr. O'Malley's discretionary appeal and recognized that a conflict exists on the issue certified by the First District Court of Appeals.

## B

{¶ 5} R.C. 2305.113(A) requires an action alleging medical malpractice to be filed within one year after the cause of action accrued. The limitations period is tolled during the plaintiff's minority. R.C. 2305.16. There is no question that

Tara may assert the tolling provision. The tolling provision also states that "[w]hen the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all." R.C. 2305.16. The Fehrenbachs argue that because their claim arises out of the same transaction or occurrence as the claim of Tara, her claim and their claims are joint and inseparable, and they, like Tara, should be able to take advantage of the tolling provision. Dr. O'Malley counters that in Ohio, loss of consortium is a recognized as a separate and distinct claim, and therefore the Fehrenbachs' claim is time-barred under *Grindell v. Huber* (1971), 28 Ohio St.2d 71, 57 O.O.2d 259, 275 N.E.2d 614, paragraph one of the syllabus.

## C

{¶ 6} We begin our analysis by reviewing the nature of a parent's loss-of-consortium claim. In *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052, paragraph one of the syllabus, this court held, "A parent may recover damages, in a derivative action against a third-party tortfeasor who intentionally or negligently causes physical injury to the parent's minor child, for loss of filial consortium. Consortium includes services, society, companionship, comfort, love and solace." Previous to that holding, we had limited a parent's recovery to loss of services and medical expenses, recognizing the claims as separate and distinct from the child's claim for injury. We held: " 'Where a defendant negligently causes injury to a minor child, that single wrong gives rise to two separate and distinct causes of action: an action by the minor child for his personal injuries and a derivative action in favor of the parents of the child for the loss of his services and his medical expenses.' " *Grindell v. Huber*, 28 Ohio St.2d at 74, 57 O.O.2d 259, 275 N.E.2d 614, quoting *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph three of the syllabus.

{¶ 7} *Gallimore* also recognized a minor child's right to an action for loss of consortium for an injury to a parent. Id. at paragraph two of the syllabus. We were later asked to address whether a minor child's claim for parental loss of consortium should be joined with the parent's claim for damages caused by the injury and whether the filing of the minor child's claim was outside the statute of limitations because it had not originally been joined with the parent's claim. We held:

{¶ 8} " ' "This problem has been dealt with in other jurisdictions by requiring joinder of all minors' consortium claims with the injured parent's claim whenever feasible. * * * We believe that this is a sensible solution to the problem and hold that a child's loss of parental consortium claim must be joined with the

injured parent's claim whenever feasible." ' (Emphasis added.) Id. [*High v. Howard* (1992), 64 Ohio St.3d 82] at 94–95, 592 N.E.2d [818 (Resnick, J., dissenting), quoting *Farley v. Progressive Cas. Ins. Co.* (Feb. 21, 1992), Lucas App. No. L–90–323, 1992 WL 32111].

{¶ 9} "We find nothing in the record before us to show that joinder of [the minor child's] cause of action for loss of parental consortium to her mother's cause of action is not just and feasible. Moreover, since the statute of limitations for [the child's] *independent* cause of action for loss of parental consortium is majority plus four years (see R.C. 2305.09), there is no statute-of-limitations problem." (Emphasis sic.) *Coleman v. Sandoz Pharmaceuticals Corp.* (1996), 74 Ohio St.3d 492, 494, 660 N.E.2d 424.

{¶ 10} We observed that requiring a minor child to join with the parent in asserting a loss-of-parental-consortium claim would limit the possibility of multiple cases and divergent outcomes. Id. at 493–494, 660 N.E.2d 424. We also recognized that the minor child's claim was independent of the parent's claim, thereby allowing the minor child to take advantage of the tolling provisions. Id. at 494, 660 N.E.2d 424.

{¶ 11} The independent nature of the loss-of-consortium claim is based on control and ownership of the claim. In determining whether a husband's waiver of his claim terminated a wife's loss-of-consortium claim, we held, "The right is her separate and personal right arising from the damages she sustains as a result of the tortfeasor's conduct. The right of the wife to maintain an action for loss of consortium occasioned by her husband's injury is a cause of action which belongs to her and which does not belong to her husband." *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 92, 585 N.E.2d 384. Because the loss-of-consortium claim belongs not to the person suffering a physical injury but to another, it is independent, and while the claim may be "separate" in the sense that it is a distinct and individual claim, it is a derivative action, arising from the same occurrence that produced the alleged injury to the other familial party.

D

{¶ 12} This understanding of the nature of a loss-of-consortium claim comports with the Ohio Rules of Civil Procedure. Civ.R. 19.1, dealing with compulsory joinder, states:

{¶ 13} "(A) Persons to be joined

{¶ 14} "A person who is subject to service of process shall be joined as a party in the action, except as provided in division (B) of this rule, if the person has an interest in or a claim arising out of the following situations:

{¶ 15} " * * *

{¶ 16} "(3) Personal injury or property damage to a minor and a claim of the parent or guardian of the minor for loss of consortium or expenses or property damage if caused by the same wrongful act."

{¶ 17} Thus, under the Civil Rules, if a minor filed a complaint seeking damages for injury and the parents have a loss-of-consortium claim, the parents' claim must be filed at the same time as the filing of the child's complaint. Our case law requires that if a parent has a claim for injury and the minor child has a claim for loss of consortium, the minor child's complaint must be filed at the same time as the filing of the parents' complaint. *Coleman,* 74 Ohio St.3d at 494, 660 N.E.2d 424. Requiring joinder in these cases promotes judicial economy and limits the possibility of conflicting outcomes. The 1970 Staff Notes to Civ.R. 19.1 clearly and concisely state the rationale supporting compulsory joinder:

{¶ 18} "Rule 19.1 extends the Rule 19 philosophy by requiring a person with a separate claim to join his claim with that of another person even though under substantive law there may be two independent claims which might be pursued separately."

{¶ 19} "Current [i.e., pre-Rule] practice allows plaintiffs, at their option, to separately pursue these claims. When these claims are separately prosecuted defendant is required to defend twice. Much evidence must be repeated and there is useless expenditure of, *inter alia.,* court time. Furthermore, since the claims are related, difficult questions of collateral estoppel and res adjudicata often arise. Frequently, the results are inconsistent and not compatible. Consequently, Rule 19.1 is designed to obviate these problems and to serve the interests of society and of the parties by requiring disposition of the related claims in one action."

{¶ 20} This reasoning is especially apropos when applied to the facts of this case. Requiring the Fehrenbachs to litigate their loss-of-consortium claim within one year of their injury and allowing Tara many years to bring her claim subjects the defendants to multiple lawsuits and potentially conflicting and inconsistent results. By allowing the statute of limitations on the parent's claim to be tolled during the child's infancy, piecemeal litigation and its inherent problems can be avoided.

E

{¶ 21} The final question to be reviewed is the application of the word "interests" in R.C. 2305.16 ("When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all"). When a

statute does not define or modify a word, we will apply the term in its normal customary meaning. *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763. "Interest" means "[a] legal share in something." Black's Law Dictionary (8th Ed.2004) 828. The Fehrenbachs have a legal share in Tara's claim. The Fehrenbachs' damages and Tara's physical injury both derive from the same alleged facts and wrongful acts of defendants. While the Fehrenbachs' claim remains independent and separate in the sense that they alone control it, their claim is "joint and inseparable" from Tara's claim because the Fehrenbachs cannot recover damages from defendants if defendants are found not to be liable for Tara's injury.

F

{¶ 22} Considering the strong policy reflected in the Civil Rules and our precedent in favor of joinder and limiting piecemeal litigation, combined with the plain meaning of the word "interests" as found in the statute, we answer the certified question in the affirmative. We hold that because a parent's claim for loss of consortium against a third party for injuries to the parent's minor child is an interest that is "joint and inseparable" from the child's own claim for purposes of R.C. 2305.16, the parent's claim may be tolled during the child's disability.

{¶ 23} The judgment of the court of appeals is affirmed.

Judgment affirmed.

SHAW, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

STEPHEN R. SHAW, J., of the Third Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

———

Lindhorst & Dreidame, Michael F. Lyon, and Bradley D. McPeek, for appellants.

John H. Metz, for appellees.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.