[Cite as *McCarthy v. Lee*, 2022-Ohio-1413.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kathleen McCarthy et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 21AP-426 |
| v. | : | (C.P.C. No. 21CV-2643) |
| Peter K. Lee, M.D. et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 28, 2022

**On brief:** *Beausay & Nichols Law Firm, T. Jeffrey Beausay*, and *Sara C. Nichols*, for appellants. **Argued:** *T. Jeffrey Beausay*.

**On brief:** *FisherBroyles, LLP, Robert B. Graziano*, and *Michael R. Traven*, for appellees. **Argued:** *Michael R. Traven*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiffs-appellants, Kathleen and Brett McCarthy, on behalf of their three minor children, appeal a judgment of the Franklin County Court of Common Pleas granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim filed by defendants-appellees, Peter K. Lee, M.D., and OhioHealth Physician Group, Inc. This case presents the question of whether derivative loss of consortium claims based on an underlying medical negligence claim can proceed against defendants where judgment has been granted in the defendants' favor on the underlying medical negligence claim due to the medical claim statute of repose, R.C. 2305.113(C). Because we answer that question in the negative, we affirm.

## Facts and Relevant Procedural History

{¶ 2} Appellants filed a complaint against appellees alleging loss of parental consortium. Appellants alleged that appellee, Dr. Lee, was negligent in his treatment of Kathleen McCarthy, mother of the three children on whose behalf this action was brought. Appellants alleged that Dr. Lee negligently failed to discover mother's cancer and that the delayed diagnosis resulted in harm to appellants. Appellants sought damages for non-economic losses associated with the delayed diagnosis of their mother's cancer, including but not limited to, increased care burden, loss of parental consortium and emotional distress. Appellants further alleged that appellee, OhioHealth Physician Group, was liable under the doctrine of respondeat superior and/or the doctrine of agency by estoppel for the negligent acts and omissions of appellee, Dr. Lee.

{¶ 3} In response to appellants' complaint, appellees filed a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). Appellees argued that appellants failed to state a claim because their loss of consortium claims are derivative of their mother's underlying medical claim and that judgment was previously granted in favor of the appellees on mother's medical negligence claim based upon the statute of repose—R.C. 2305.113(C). *McCarthy v. Lee*, Franklin C.P. No. 20CV-554.[1] Appellees contended that because judgment was granted in appellees' favor on mother's underlying medical claim, appellants' derivative loss of consortium claims must be dismissed as a matter of law. The trial court agreed and granted appellee's Civ.R. 12(B)(6) motion. Appellants appeal, assigning the following errors:

> [I.] The trial court erred in granting defendants' Rule 12(B)(6) motion to dismiss.

---

[1] In *McCarthy v. Lee*, Franklin C.P. No. 20CV-554, the appellants asserted three claims: (1) medical negligence; (2) wrongful death; and (3) Brett McCarthy's loss of consortium claim. Appellants' children were not parties in this case. On appeal of this decision, the appellants only assigned as error the trial court's grant of judgment on the pleadings on appellant's wrongful death claim. In a decision released March 29, 2022, the Tenth District Court of Appeals sustained appellants' sole assignment of error and reversed the trial court's grant of judgment on appellants' wrongful death claim. *McCarthy v. Lee*, 10th Dist. No. 21AP-105, 2022-Ohio-1033, citing *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. No. 21AP-74, 2022-Ohio-629. However, based on the Supreme Court of Ohio's decision in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, this court noted that the trial court did not err when it entered judgment on the pleadings on mother's medical negligence claim and Brett McCarthy's loss of consortium claim based upon the medical claim statute of repose. *McCarthy* at ¶ 30-31.

[II.] In the context of a Rule 12(B)(6), the trial court abused its discretion in permitting a reply in support of the original motion that made new arguments and cited new cases without giving the respondent an opportunity to address them.

{¶ 4} Appellant's first assignment of error challenges the trial court's grant of appellees' motion to dismiss pursuant to Civ.R. 12(B)(6). We review a judgment granting a Civ.R. 12(B)(6) motion to dismiss under a de novo standard of review. *Ettayem v. Land of Ararat Invest. Group, Inc.*, 10th Dist. No. 17AP-93, 2017-Ohio-8835, ¶ 19, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362. The standard for determining whether to grant a Civ.R. 12(B)(6) motion is straightforward:

In order for a complaint to be dismissed under Civ.R. 12(B)(6) for failure to state a claim, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, syllabus. Furthermore, "in construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192. We reiterated this view in *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 144, and further noted that "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Id*. at 145.

*Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, at ¶ 5.

{¶ 5} Appellants' first assignment of error presents the question of whether a loss of consortium claim based upon alleged medical negligence can proceed against a defendant where judgment has been granted in the defendant's favor on the underlying medical claim. To answer this question, we begin by examining the nature of a loss of consortium claim.

{¶ 6} The parties do not dispute that loss of consortium claims are derivative claims. Generally, a derivative claim is dependent on the existence of the primary claim. As this court explained in *Keller v. Foster Wheel Energy Corp.*, 163 Ohio App.3d 325, 2005-Ohio-4821, ¶ 19 (10th Dist.):

Generally, a loss of consortium claim is a derivative claim dependent upon the existence of a primary claim, and it can be

> maintained only so long as the primary claim continues. * * * Because a derivative claim cannot afford greater relief than that relief permitted under a primary claim, a derivative claim fails when the primary claim fails. Therefore, when the trial court dismissed appellant's negligence claim, it necessarily had to dismiss his loss of consortium claim as well.

*Id.*; *Terakedis v. Lin Family Ltd. Partnership*, 10th Dist. No. 04AP-1172, 2005-Ohio-3985, ¶ 4, fn. 2. ("Because her husband's primary, negligence claim failed, her derivative loss of consortium claim would also fail, as a matter of law."); *Miller v. Xenia*, 2d Dist. No. 2001 CA 82, 2002 Ohio App. LEXIS 1315, at *9 (Mar. 22, 2002) ("Because the Court finds that the primary cause of action, intentional infliction of emotional distress, fails to survive the Motion for Summary Judgment, the derivative cause of action, loss of consortium, fails as a matter of law.").

{¶ 7} Although appellants acknowledge this general rule, they argue that a derivative claim fails only where the primary claim fails on the merits. For example, they contend that if the primary claim fails due to the expiration of the statute of limitations, which they characterize as a failure on procedural grounds, the derivative claim may proceed on its own. Appellants primarily rely on *Wells v. Michaels*, 10th Dist. No. 05AP-1353, 2006-Ohio-5871 for this proposition. In *Wells*, this court held that the plaintiff could proceed with a loss of consortium claim even though the trial court granted summary judgment in the defendant's favor on the underlying negligence claim due to the expiration of the two-year statute of limitations. However, because a loss of consortium claim is governed by a four-year statute of limitations set forth in R.C. 2305.09, the court in *Wells* permitted the plaintiff to proceed with a loss of consortium claim. *Id.* at ¶ 17, citing *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 96 (1992) (Wright, J., concurring in part and dissenting in part) (a defense to the underlying action generally constitutes a defense to the loss of consortium claim, except "in the narrow circumstance where the underlying tort claim is barred by a statute of limitations that is shorter than the statute of limitations for a loss-of-consortium claim"). Appellants argue that the same rationale should apply where an underlying medical claim fails due to the statute of repose. We disagree.

{¶ 8} Contrary to appellants' suggestion, there are important differences between a statute of limitations and a statute of repose. As relevant here, a statute of limitations

operates on the remedy—not on the cause of action. A statute of repose bars the cause of action itself. As explained by the Supreme Court of Ohio:

> A statute of limitations operates on the remed*y*, not on the existence of the cause of action itself. *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, fn. 17 (Douglas, J., concurring). A statute of repose, on the other hand, bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* at 1707. A statute of repose bars the claim—the right of action—itself. *Treese v. Delaware*, 95 Ohio App.3d 536, 545, (10th Dist.).

*Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, ¶ 9. In the context of appellants' argument, this distinction is significant.

{¶ 9}    As previously noted, a derivative claim such as a loss of consortium claim generally cannot exist without an underlying principal claim. When the principal claim fails due to expiration of the statute of limitations, the plaintiff is without a remedy but the claim remains. Consequently, there is still a primary claim from which a loss of consortium claim can derive, and the loss of consortium claim can proceed if it is brought within the four-year statute of limitations set forth in R.C. 2305.09. *Wells* is consistent with this principal. In contrast, where the principal claim fails due to a statute of repose, the claim itself is barred. *Treese v. Delaware*, 95 Ohio App.3d 536, 545 (10th Dist.1994); *Wilson* at ¶ 9. Essentially, the statute of repose eliminates the cause of action. Without a primary claim, there can be no derivative loss of consortium claim. Permitting a derivative loss of consortium claim where the underlying claim from which it is derived no longer exists would be inconsistent with this basic principal. Moreover, allowing a plaintiff to proceed with a loss of consortium claim derived from a medical claim that is barred by the statute of repose would defeat the purpose of the statute of repose. The medical claim statute of repose " 'exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from fear of litigation.' " *Id.* at ¶ 16, quoting *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, at ¶ 19.

{¶ 10} Although not binding authority on this court, we agree with the reasoning expressed in *Hanock v. GM LLC (In re GM LLC Ignition Switch Litig.)*, S.D.N.Y. No. 14-MD-2543, 2021 U.S. Dist. LEXIS 72096 (Apr. 14, 2021). Applying Ohio law, the court in

*Hanock* held that where a mother's claims are barred by the products liability statute of repose, her children's derivative loss of consortium claims are also barred.

> Plaintiffs' primary alternative argument is that even if Ms. Hancock's product liability claims are barred by the statute of repose, their loss-of-consortium claims are not because the two sets of claims are "separate and independent." Pls.' Mem. 5. That is plainly incorrect. Yes, Ohio law treats loss-of-consortium claims as "independent and separate" — but only "in the sense that" the plaintiff who brings such a claim "alone control[s] it." *Fehrenbach v. O'Malley*, 113 Ohio St. 3d 18, 2007-Ohio-971, 862 N.E.2d 489, 492 (Ohio 2007). The law is equally clear that such claims are "derivative" of the claims of the party with the underlying injury, *Lucio v. Edw. C. Levy Co.*, No. 15-CV-613, 2017 U.S. Dist. LEXIS 71397, 2017 WL 1928058, at *11 (N.D. Ohio May 10, 2017), the result being that a plaintiff alleging loss of consortium "cannot recover damages from [a defendant] if [the defendant is] found not to be liable for [the underlying claimant's] injury," *Fehrenbach*, 862 N.E.2d at 492; *see Kenney v. Ables*, 2016- Ohio 2714, 63 N.E.3d 788, 792 (Ohio Ct. App. 2016) ("Because Appellee is not liable to [the primary appellant] for injuries . . . there is no legally cognizable tort against Appellee; therefore, [the derivative appellant] has no derivative claim to loss of consortium."). Thus, where, as here, the statute of repose bars the underlying claim (i.e., Ms. Hancock's), it also bars any related loss-of-consortium claims (i.e., Plaintiffs'). *See, e.g., Lucio*, 2017 U.S. Dist. LEXIS 71397, 2017 WL 1928058, at *11.

*Hanock* at LEXIS *148-49.

{¶ 11} We also reject appellants' argument that because the medical claim statute of repose does not apply to a minor's medical claim, they should be permitted to proceed with their derivative loss of consortium claims. Appellants' argument ignores the difference between a principal claim and a derivative claim. Appellants did not assert a principal medical claim in this case. They asserted a derivative claim based upon their mother's underlying medical claim. The fact that the medical claim statute of repose would not bar a principal medical claim brought by a minor is of no consequence here.

{¶ 12} For the foregoing reasons, we overrule appellant's first assignment of error.

{¶ 13} In their second assignment of error, appellants assert that the trial court abused its discretion by permitting appellees to file a reply memorandum in support of their motion to dismiss that improperly contained "new arguments and cited new cases without

giving the respondent an opportunity to address them." Appellants failed to support this assignment of error with any argument in their brief. Because appellants failed to identify in the record the error on which this assignment of error is based and failed to argue this assignment of error separately in their brief as required by App.R. 16(A), we overrule the second assignment of error. App.R. 12(A)(2); *In re P.A.*, 10th Dist. No. 17AP-728, 2018-Ohio-2314, ¶ 16 ("An appellant has the duty to construct the arguments necessary to support the assignments of error; an appellate court will not construct those arguments for the appellant."); *In re J.P.*, 10th Dist. No. 18AP-834, 2019-Ohio-1619, ¶ 19-20.

{¶ 14} Having overruled appellants' two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

––––––––––