[Cite as *Lance Invest. Corp. v. Burkhalter*, 2022-Ohio-2675.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LANCE INVESTMENT CORP.,                         :

    Plaintiff-Appellee,                         :

                                           No. 111033

    v.                         :

MINNYAWN BURKHALTER, ET AL.,                         :

    Defendant-Appellant.                         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** August 4, 2022

Civil Appeal from Cleveland Municipal Court
Case No. 2020 CVF 010048

### *Appearances:*

Cardenas Ruple Kurt, LLC, and Russell D. Kornblut, *for appellee*.

Minnyawn Burkhalter, *pro se*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant, Minnyawn Burkhalter, appeals the trial court's award of summary judgment in favor of plaintiff-appellee, Lance Investment

Corporation. After a thorough review of the law and the facts, we vacate the order of the trial court.

{¶ 2} The record below reflects that appellant executed an automobile rental agreement with appellee on September 24, 2019. On or about September 26, 2019, the vehicle was damaged. Appellant returned the vehicle on October 3, 2019.

{¶ 3} On September 30, 2019, appellant filed for bankruptcy. On January 8, 2020, the United States Bankruptcy Court for Northern District of Ohio entered an order discharging appellant's debts under 11 U.S.C. 727 (Chapter 7). *See In re: Minnyawn Betrail Burkhalter, Debtor*, N.D. Ohio No. 19-16039-jps.

{¶ 4} On November 4, 2020, appellee filed this instant suit against appellant to recover funds owed under the rental obligation in Cleveland Municipal Court. On October 4, 2021, appellee moved for summary judgment, which appellant opposed. On November 19, 2021, the trial court granted summary judgment in favor of appellee and against appellant and another party (not involved in this case), jointly and severally, for $5,435.08 plus interest and costs.

{¶ 5} Appellant filed a pro se notice of appeal, arguing that the trial court erred in granting summary judgment. After the filing of the notice of appeal, appellee filed a notice of suggestion of bankruptcy and appellant filed a notice that the bankruptcy had been discharged. This court sua sponte ordered the parties to brief why the appeal should not be dismissed pursuant to appellant's bankruptcy discharge. The parties filed their respective briefs.

{¶ 6} 11 U.S.C. 727(b) grants to the debtor who is discharged under 11 U.S.C. 727(a), a discharge from all debts that arose before the date of the order for relief under Chapter 7, except those debts that are excepted from discharge by exceptions not applicable here. The discharge relieves a debtor of personal liability for all pre-petition debt and enjoins any action to collect, recover, or offset a discharged obligation. *McClung v. McClung*, 10th Dist. Franklin No. 03AP-156,

> 2004-Ohio-240, ¶ 12, citing 11 U.S.C. 524(a). Specifically, a discharge in a case
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 * * * whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;
>
> * * *.

11 U.S.C. 524(a).

{¶ 7} By the express terms of 11 U.S.C. 524(a)(1), any judgment entered after entry of the discharge is void to the extent that the judgment purports to establish personal liability of the debtor with respect to a discharged debt. *See Riley v. AmTrust Mortg. Corp. (In re Riley)*, Bankr.M.D.N.C. Nos. 05-80548 and 14-09037, 2014 Bankr. LEXIS 4923, 5 (Dec. 4, 2014).

{¶ 8} The record reveals that the issue of appellant's bankruptcy discharge was not raised before the trial court. "Section 524(a) is meant to operate

automatically * * * with no need for the debtor to assert the discharge to render the judgment void." *Riley* at 7, citing 4 Collier on Bankruptcy ¶ 524.02[1] (Alan Resnick & Henry Sommer eds., 16th Ed.). Because appellant's pre-bankruptcy petition debt was discharged by bankruptcy, the judgment rendered against her in municipal court is void.

{¶ 9} The judgment of the Cleveland Municipal Court is hereby vacated, and the court is ordered to dismiss appellee's complaint. Case is remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR