PENN CENTRAL TRANSPORTATION CO., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Penn Central Transportation Co. v. Pub. Util. Comm. (1973), 35 Ohio St. 2d 97.]

(No. 73-54—Decided July 3, 1973.)

*Mr. Grey K. Nelson, Mr. Thomas R. Skulina* and *Mr. Alex L. Fricke,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Walter E. Carson,* for appellee.

CORRIGAN, J. The sole question presented by this appeal is whether the Public Utilities Commission has jurisdiction to order a railroad to destroy and remove weeds and brush from its right of way upon the complaint of the operator of an adjoining farm that such conditions have an adverse effect upon the operation of his farm.

It is well settled in Ohio that the Public Utilities Commission is a creature of the General Assembly and may exercise no jurisdiction beyond that conferred by statute. *Toledo* v. *Pub. Util. Comm.* (1939), 135 Ohio St. 57; *Akron & Barberton Belt Rd. Co.* v. *Pub. Util. Comm.* (1956), 165 Ohio St. 316; *Baltimore & Ohio Rd. Co.* v. *Pub. Util. Comm.* (1968), 16 Ohio St. 2d 60; *Ohio Bus Line* v. *Pub. Util. Comm.* (1972), 29 Ohio St. 2d 222.

The General Assembly has defined the scope of the commission's jurisdiction in R. C. 4905.05 to "* * * extend to *every* public utility and railroad, the plant or property of which lies wholly within this state * * * [or] to that part * * * which lies within this state * * *." (Emphasis added.)

The specific powers of the commission in regard to the regulation of railroads are enumerated in R. C. Chapter 4907. Applicable to the present case is R. C. 4907.08, which requires that the commission shall inquire into any neglect or violation of the laws of this state by a railroad and enforce certain chapters of the Revised Code wherein

specific authority to regulate has been granted to the commission. The commission is also authorized by this section to enforce all other laws relating to railroads and required to report violations thereof to the Attorney General.

R. C. 4907.08 also requires the commission, upon complaint or otherwise, to examine into any matter where it has reason to believe that a railroad has violated or is violating any law of this state, or where it has reason to believe that differences have arisen between citizens of this state and any railroad operating as a common carrier within the state.

Appellee alleges in its brief that the appellant has specifically violated R. C. 4959.01 and 4959.11, which impose upon railroads the statutory obligations, respectively, to maintain open drainage outlets and to destroy all noxious weeds growing within the railroad's right of way. Appellee contends that inherent in the jurisdiction of the commission to examine or inquire into the violation of any state law or into any differences between a citizen of this state and a railroad is the power to order appropriate relief.

Without attempting to define the limits of the broad jurisdiction granted the commission in R. C. 4905.05 and 4907.08, this court must hold the order of the Public Utilities Commission to be unlawful and unreasonable.

The obligations imposed by R. C. 4959.01 and 4959.11 fall directly upon the railroad and do not grant a specific right of enforcement to the commission. In the case of the latter section, the trustees of the township in which the right of way is located are granted a right of action for the costs incurred in performing the railroad's obligation upon default.

Upon the facts in the present case, to allow the commission to order the mandatory performance of appellant's statutory obligations, in maintaining its right of way, amounts to a grant to the commission of a power of injunctive relief. The determination of competing equities inherent in such power is more properly reserved to the courts

for disposition, and the commission is in no sense a court. *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23, 30.

The General Assembly has granted the power of injunctive relief solely to the courts of Ohio. It has conferred no such right upon the Public Utilities Commission, and the commission, in exercising such power, has exceeded its statutory jurisdiction.

The order of the Public Utilities Commission is, therefore, reversed.

*Order reversed.*

O'Neill, C. J., Herbert, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.