[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McCarthy v. Lee*, Slip Opinion No. 2023-Ohio-4696.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-4696

MCCARTHY ET AL., APPELLANTS, *v.* LEE ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McCarthy v. Lee*, Slip Opinion No. 2023-Ohio-4696.]**

*Civil law—Statute of repose—R.C. 2305.113(C)(2)—When parents' medical-negligence claim extinguished by statute of repose, R.C. 2305.113(C)(2), children's derivative loss-of-parental-consortium claim no longer exists— Court of appeals' judgment affirmed.*

(No. 2022-0732—Submitted March 21, 2023—Decided December 28, 2023.)

APPEAL from the Court of Appeals for Franklin County,

No. 21AP-426, 2022-Ohio-1413.

_____

**DETERS, J.**

{¶ 1} Ohio's medical-claim statute of repose provides that a medical claim must be brought within four years of the act or omission that is the basis of the claim. Any action upon a medical claim brought outside that time frame is barred. R.C. 2305.113(C)(2). In this case, a husband and wife's medical-negligence claim

against the wife's medical providers was dismissed because it was barred by the statute of repose. The question here is whether their children's claim for loss of parental consortium survives that dismissal. We conclude that it does not. Once the medical-negligence claim was extinguished by the statute of repose, the children's derivative claim no longer existed. We therefore affirm the Tenth District Court of Appeals' judgment upholding the dismissal of the children's claim.

## BACKGROUND

{¶ 2} In 2010, Dr. Peter K. Lee began treating Kathleen McCarthy for rectal bleeding and related symptoms. After performing a colonoscopy during which no cancerous lesions were found, Dr. Lee diagnosed Kathleen with hemorrhoids. When Kathleen returned to Dr. Lee in 2015 for continued and worsening symptoms, his diagnosis remained unchanged. Two years later, Kathleen was diagnosed with stage-three colon cancer, which progressed to stage four.

{¶ 3} Kathleen and her husband, Brett McCarthy, filed a civil action against Dr. Lee and his associated medical practices and employees in October 2018 but dismissed the complaint voluntarily. *See McCarthy v. Lee*, Franklin C.P. No. 18CV8403 (Jan. 22, 2019). In January 2020, the McCarthys refiled the complaint, alleging negligent care in the treatment of Kathleen's condition. The defendants in that case moved for judgment on the pleadings, arguing that the McCarthys' claim was barred by the statute of repose. The trial court agreed and dismissed the McCarthys' complaint. *See McCarthy v. Lee*, Franklin C.P. No. 20CV554 (Feb. 26, 2021).

{¶ 4} In April 2021, the McCarthys filed a civil action on behalf of their three minor children against Dr. Lee and OhioHealth Physician Group, Inc. (collectively, "the medical providers"), alleging loss of consortium due to the treatment of Kathleen's condition. The medical providers moved to dismiss the claim arguing it could not "stand alone" because it was a derivative claim that arose

from the McCarthys' previously dismissed medical claim. The trial court granted the motion, concluding that because the McCarthys' medical claim was barred by the statute of repose, the children had "no right to a cognizable claim under Ohio law." *McCarthy v. Lee*, Franklin C.P. No. 21CV2643 (July 29, 2021).

{¶ 5} The McCarthys appealed to the Tenth District. The court of appeals rejected their argument that "because the medical claim statute of repose does not apply to a minor's medical claim, [the children] should be permitted to proceed with their derivative loss of consortium claims." 2022-Ohio-1413, ¶ 11. We accepted the McCarthys' appeal to review whether a claim for loss of parental consortium can proceed if the principal claim is barred by the statute of repose. *See* 167 Ohio St.3d 1481, 2022-Ohio-2675, 192 N.E.3d 506.

## ANALYSIS

### The statute of repose

{¶ 6} R.C. 2305.113(C)(1) provides that "[e]xcept as to persons within the age of minority * * *[, n]o action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." Moreover, "[i]f an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then any action upon that claim is barred." R.C. 2305.113(C)(2). "R.C. 2305.113(C) does not bar a vested cause of action, but prevents a cause of action from vesting more than four years after the breach of the duty of care. Therefore, it is a true statute of repose." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 18.

{¶ 7} The statute's application to the McCarthys' medical-negligence claim is straightforward. The "act or omission" that was the basis of that claim occurred in 2015, when Dr. Lee treated Kathleen for the second time. The complaint in which the McCarthys asserted a medical claim was filed more than four years after

Dr. Lee's treatment of Kathleen, and so, any action upon the claim was also barred by the statute of repose. *See* R.C. 2305.113(C)(2).[1]

{¶ 8} The parties differ on how the medical-claim statute of repose applies to the children's loss-of-consortium claim. Recall that R.C. 2305.113 is directed toward medical claims. A "[m]edical claim" is "any claim that is asserted in any civil action against a physician * * * that arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.113(E)(3). Included in the definition of "medical claim" are "[d]erivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." R.C. 2305.113(E)(3)(a). And "derivative claims for relief,"

> include, but are not limited to, claims of a parent, guardian, custodian, or spouse of an individual who was the subject of any medical diagnosis, care, or treatment * * * that arise from that diagnosis, care, treatment, or operation, and that seek the recovery of damages for * * * [l]oss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education, or any other intangible loss that was sustained by the parent, guardian, custodian, or spouse.

R.C. 2305.113(E)(7)(a).

{¶ 9} The McCarthys argue that because the definition of "derivative claims for relief" explicitly refers to the claims of a parent, guardian, custodian, or spouse

---

1. Shortly after the McCarthys filed their 2020 complaint, we decided in *Wilson v. Durrani*, 161 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, that the saving statute, R.C. 2305.19(A), could not be used to extend the medical-claim statute of repose. Thus, when the McCarthys voluntarily dismissed their 2018 complaint, the saving statute did not save their 2020 complaint from dismissal under the statute of repose.

but not to the claims of a child, their children's loss-of-consortium claim is not a "medical claim" under the statute. But their argument ignores that derivative claims include *but are not limited to* those claims listed in the statute. Other claims can be derivative claims, and the children's loss-of-consortium claim arises from the diagnosis, care, and treatment of their mother.

{¶ 10} The medical providers acknowledge that the children's loss-of-consortium claim is a medical claim under R.C. 2305.113, but they maintain that the statute's exception for the medical claims of minors applies only to principal, as opposed to derivative, claims. But the medical providers point to no language in the statute that makes such a distinction. Instead, under the plain language of the statute, because they are minors, the children's derivative medical claim is itself excluded from application of the statute of repose. *See* R.C. 2305.113(C).

{¶ 11} Nonetheless, the medical providers' argument suggests the question that must be answered in this case—a question not addressed by the statute: How does the extinguishment of a principal medical claim by operation of the statute of repose affect claims that are derived from that claim? The answer to the question lies in Ohio's treatment of loss-of-consortium claims.

**When a principal medical claim fails for substantive reasons, a derivative loss-of-consortium claim also fails**

{¶ 12} The parties take different views of how Ohio treats loss-of-consortium claims. The McCarthys contend that the general rule is that the claims are independent and stand on their own, no matter what happens with the principal claim. They assert that there is only one exception to this general rule—when the principal claim is not recognized as a cause of action in Ohio. *See, e.g.*, *Schiltz v. Meyer*, 32 Ohio App.2d 221, 298 N.E.2d 587 (12th Dist.1971), *aff'd*, 29 Ohio St.2d 169, 280 N.E.2d 925 (1972). The medical providers, on the other hand, argue that a loss-of-consortium claim is dependent on the existence of the underlying principal

claim: if the principal medical claim fails, the loss-of-consortium claim necessarily fails. The answer is somewhere in between.

**{¶ 13}** Ohio historically treated loss-of-consortium claims as independent, nonderivative claims. In *Kraut v. Cleveland Ry. Co.*, 132 Ohio St. 125, 126, 5 N.E.2d 324 (1936), this court considered whether "a judgment denying recovery in [a] wife's action for personal injuries constitute[d] a bar to the husband's action for loss of services." The court pointed to a "practically * * * unbroken line of authority to the effect that an adjudication unfavorable to the wife in an action for personal injuries [was] no bar to an action by the husband for loss of services or consortium growing out of the same injuries." *Id.* This court concluded that the husband's action for loss of services was not derivative of his wife's personal-injury claim, explaining that "the burden [was] on the plaintiff husband to prove that the alleged tort-feasor [was] guilty of negligence which directly contributed to his loss and damage." *Id.* at 127. The wife's contributory negligence would be a defense against the husband's claim for loss of services, but that determination would be independent of any resolution of the wife's personal-injury lawsuit. *Id.* The court noted that "in fact, the husband [could] bring his action whether or not the wife sue[d]." *Id.*

**{¶ 14}** In later cases, this court maintained the view that loss-of-consortium claims were independent of the principal claims on which they were based. For instance, in *Corpman v. Boyer*, 171 Ohio St. 233, 236-238, 169 N.E.2d 14 (1960), this court implicitly treated loss-of-consortium claims as standing independently of their underlying principal claims, holding that a longer limitations period applied to the loss-of-consortium claim than to the principal claim. And in *Dean v. Angelas*, 24 Ohio St.2d 99, 104, 264 N.E.2d 911 (1970), this court determined that a wife's loss-of-consortium claim could proceed despite the dismissal on statute-of-limitations grounds of her husband's principal claim of assault and battery.

{¶ 15} Were *Kraut*, *Corpman*, and *Dean* the only cases to address the relationship between principal and derivative claims, the conclusion here would be simple: the children's loss-of-consortium claim would be independent of their parents' medical-negligence claim. And because the medical-claim statute of repose is tolled until the children reach the age of majority, the loss-of-consortium claim would remain viable despite the dismissal of the McCarthys' medical-negligence claim. But in more recent cases, this court has recognized that loss-of-consortium claims are, to an extent, derivative of—and dependent on—the principal claims.

{¶ 16} In *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 84-87, 585 N.E.2d 384 (1992), this court considered whether a husband's release of liability made before he was injured in an auto race defeated his wife's claim for loss of consortium. The court concluded that it did not, because the wife's claim was "a separate and independent claim against [the] appellees for the damages she sustained as a result of [the] appellees' conduct, and it [was] not a claim that her husband could effectively release." *Id.* at 92. That conclusion harkens back to the decisions in *Kraut*, *Corpman*, and *Dean*. Nevertheless, in *Bowen*, the court also "recognize[d] that a claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury." *Id.* at 92-93. Thus, we distinguished the result in *Bowen* from that in *Schiltz*, 32 Ohio App.2d 221, 298 N.E.2d 587, *aff'd*, 29 Ohio St.2d 169, 280 N.E.2d 925, in which a loss-of-consortium claim was barred because the underlying principal claim sounded in a cause of action that was not recognized in Ohio. *See Bowen* at 92-93; *see also Fehrenbach v. O'Malley*, 113 Ohio St.3d 18, 2007-Ohio-971, 862 N.E.2d 489, ¶ 11 ("Because the loss-of-consortium claim belongs not to the person suffering a physical injury but to another, it is independent, and while the claim may be 'separate' in the sense that it is a distinct

and individual claim, it is a derivative action, arising from the same occurrence that produced the alleged injury to the other familial party").

{¶ 17} The throughline in these cases is that when a principal claim fails for substantive reasons, the derivative loss-of-consortium claim fails as well. So if, for example, a parent brings a loss-of-consortium claim based on her child's medical-negligence claim against a doctor and the doctor is found to be not liable, the parent's claim would fail with the child's claim. *See Fehrenbach* at ¶ 21 ("While the [parents'] claim [for loss of consortium] remains independent and separate in the sense that they alone control it, their claim is 'joint and inseparable' from [their child's] claim because the [parents] cannot recover damages from defendants if defendants are found not to be liable for [the child's] injury"); *see also Grindell v. Huber*, 28 Ohio St.2d 71, 75, 275 N.E.2d 614 (1971) ("Inasmuch as the parent's action [for medical expenses] is derivative, a defendant, if he is not liable for the minor's injuries, cannot be held accountable for the medical expenses arising therefrom"). But if the principal claim fails on nonsubstantive grounds—for instance, if the claim were barred by the statute of limitations—the loss-of-consortium claim would survive (so long as it too was not barred by the same statute of limitations). *See Corpman*, 171 Ohio St. at 236-238, 169 N.E.2d 14; *see also Perry v. Eagle-Picher Industries, Inc.*, 52 Ohio St.3d 168, 556 N.E.2d 484 (1990), paragraph one of the syllabus ("The dismissal of a decedent's personal injury claim for failure to substitute the estate as a party plaintiff pursuant to Civ.R. 25 does not affect claims for loss of consortium or wrongful death which are joined in the same action as required by Civ.R. 19.1").

{¶ 18} The McCarthys seize on this latter point and maintain that the medical-claim statute of repose operates like the statute of limitations in that it bars action on a claim after a certain period. Thus, they argue, because their medical-negligence claim failed for nonsubstantive reasons, their children's derivative claim for loss of parental consortium remains independently viable. The trouble with the

McCarthys' argument is that the statute of repose operates differently from the statute of limitations.

**The statute of repose operates as a substantive bar**

{¶ 19} While "[s]tatutes of limitations and statutes of repose share a common goal of limiting the time during which a putative wrongdoer must be prepared to defend a claim, * * * they operate differently and have distinct applications." *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 8, citing *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 11. As this court has explained:

> A statute of limitations establishes "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Black's Law Dictionary* 1707 (11th Ed.2019). A statute of limitations operates on the remedy, not on the existence of the cause of action itself. *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, 503 N.E.2d 717 (1986), fn. 17 (Douglas, J., concurring). A statute of repose, on the other hand, bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* at 1707. A statute of repose bars the claim—the right of action—itself. *Treese v. Delaware*, 95 Ohio App.3d 536, 545, 642 N.E.2d 1147 (10th Dist.1994).

*Id.* at ¶ 9. Put another way, "[u]nlike a true statute of limitations, which limits the time in which a plaintiff may bring suit *after* the cause of action accrues, a statute of repose * * * potentially bars a plaintiff's suit *before* the cause of action arises."

(Emphasis sic.) *Sedar v. Knowlton Constr. Co.*, 49 Ohio St.3d 193, 195, 551 N.E.2d 938 (1990), *overruled on other grounds by Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 639 N.E.2d 425 (1994), *superseded by statute as stated in New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482.

{¶ 20} The dissenting opinion protests that this court erred in *Wilson* when it "restated Justice Douglas's dictum out of context." Dissenting opinion, ¶ 42. But regardless of Justice Douglas's feelings about statutes of repose, even he acknowledged the distinct function of a statute of repose "as an absolute bar to a cause of action *ever arising*." (Emphasis added.) *Mominee* at 290, fn. 17 (Douglas, J., concurring). And in any event, the constitutionality of statutes of repose has been well settled by this court, *see Antoon* at ¶ 18 (collecting cases), and is not at issue in this case.

{¶ 21} Lest the reader be concerned after reading the dissenting opinion that this court has spun the distinction between statutes of repose and statutes of limitations out of whole cloth, it is worth noting that courts—including the United States Supreme Court—have recognized the difference for over 40 years. *See Antoon* at ¶ 11, citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 13, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014), *superseded by statute on other grounds as stated in Zyda v. Four Seasons Hotels & Resorts*, 371 F.Supp.3d 803, 806 (Haw.2019); *see also Norfolk School Bd. v. United States Gypsum Co.*, 234 Va. 32, 37 (1987), quoting Stevenson, *Products Liability and the Virginia Statute of Limitations—A Call for the Legislative Rescue Squad*, 16 U.Rich.L.Rev. 323, 334 (1982), fn. 38 (distinguishing a statute of repose's " 'substantive definition of rights' " from a statute of limitations' procedural limitation); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413, 421 (Del.1985) ("While the running of a statute of limitations will nullify a party's remedy, the running of a statute of repose will extinguish both the remedy and the right. The statute of limitations is therefore

a procedural mechanism, which may be waived. On the other hand, the statute of repose is a substantive provision which may not be waived because the time limit expressly qualifies the right which the statute creates").

**{¶ 22}** The statute of repose, then, operates as a substantive bar to a claim. The claim—not just the remedy—is extinguished.[2] And when a principal claim is extinguished, no other claim derived from it can exist. Here, by operation of the statute of repose, the McCarthys' medical-negligence claim was no longer legally cognizable. As a result, their children's loss-of-consortium claim is not viable.

**{¶ 23}** In enacting R.C. 2305.113(C), the General Assembly chose to limit the time for which medical claims are considered legally cognizable to a period of four years from the occurrence of the act or omission giving rise to the claim. After the expiration of that time, the McCarthys had *no* cause of action. It thus follows that the children's derivative claim no longer exists.

## CONCLUSION

**{¶ 24}** Although the children's loss-of-consortium claim was not barred by the statute of repose, it cannot exist when the principal claim on which it was based has been extinguished under the statute of repose. The children's derivative claim was properly dismissed. We therefore affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER and DEWINE, JJ., concur.

BRUNNER, J., dissents, with an opinion joined by DONNELLY and STEWART, JJ.

––––––––––––––

2. The dissenting opinion's paraphrase of our holding is a bit off. The statute of repose bars the parents' claims—not those of the children. But because the parents' claims have been extinguished, the children's derivative claim no longer exists.

**BRUNNER, J., dissenting.**

## I. INTRODUCTION

{¶ 25} In this case, appellants, Kathleen (deceased) and Brett McCarthy, filed suit against appellees, Dr. Peter K. Lee and OhioHealth Physician Group, Inc. (collectively, "the medical providers"), on behalf of their children for loss of parental consortium caused by the medical providers' alleged medical negligence that ultimately resulted in Kathleen's death. In affirming the Tenth District Court of Appeals' decision dismissing the children's loss-of-consortium claims, the majority opinion posits that the medical-claim statute of repose does not merely "bar[]" the "commence[ment]" of the children's claims (as the statute reads), but actually *extinguishes* them so that "the children's derivative claim[s] no longer exist[]." *Compare* majority opinion, ¶ 1 and ¶ 22, fn.2, *with* R.C. 2305.113(C). This is a legal fiction. The doctor is still alleged to have acted negligently and caused the children's mother's death. To say that the children's claims are extinguished ignores the fact that the children remain without a mother, whose love and care throughout their years to adulthood is what has actually been extinguished.

{¶ 26} Despite the characterization made in the majority opinion, the children's claims continue to *exist* even if they are barred. To state that the children's claims do not exist as a rationale for the majority's decision and to base that statement on an unsupported, out-of-context footnote extracted from a 40-year-old concurrence by a justice who argued that the statute of repose is unconstitutional puts into question the substance and tenor of this court's majority opinion. We should not contort that dictum to deny any party, especially children, their day in court.

{¶ 27} Moreover, the statute of repose would, by its own text, not bar the children's claims, because the claims of minors are specifically statutorily exempted from its reach. Had the children's claims been brought in the underlying suit for medical malpractice and wrongful death (as we have previously stated they

should be), their claims would not be barred. In exercising jurisdiction in this case, and now issuing a legal opinion in these highly fact-specific circumstances, a majority of this court not only reviews the children's loss-of-parental-consortium claims in an inappropriate procedural posture, but it also gratuitously extinguishes these claims in doing so. This hazards the appearance of an over-eagerness of this court to substantively settle an issue because of a failure of procedure, denying future parties substantive review when no procedural deficiencies may exist. In this posture, accepting jurisdiction over the case and deciding this appeal is highly improvident and places the court in a biased light. For these reasons, I respectfully dissent.

## II. ANALYSIS

### A. Standard of Review and Issue Presented

{¶ 28} This court has clearly set out the standard of review for cases such as this:

> We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. In conducting this review, we accept as true the factual allegations in the complaint. *Id.* "[T]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. To grant a motion to dismiss, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Id.*

*Valentine v. Cedar Fair, L.P.*, 169 Ohio St.3d 181, 2022-Ohio-3710, 202 N.E.3d 704, ¶ 12. Additionally, " '[i]n ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.' " *State v. Turner*, 163 Ohio St.3d 421, 2020-Ohio-6773, 170 N.E.3d 842, ¶ 18, quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988). Questions of statutory interpretation are reviewed de novo. *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶ 20.

{¶ 29} In this case, for the purposes of the medical providers' motion to dismiss under Civ.R. 12(B)(6), it is undisputed that in 2011, Kathleen underwent a colonoscopy by Dr. Lee as a diagnostic measure for rectal bleeding and mucous in her stool and that Dr. Lee reported that the colonoscopy was normal except for the detection of internal hemorrhoids. In April 2015, she returned to Dr. Lee because of worsening symptoms, and Dr. Lee again diagnosed hemorrhoids, but he did not discuss other possible causes of Kathleen's symptoms or recommend any follow-up to rule out other conditions such as cancer. It is also undisputed that in 2017 Kathleen was diagnosed with irreversible and terminal colon cancer. She, along with her husband Brett, initially brought claims on October 5, 2018, against the medical providers for medical malpractice relating to Dr. Lee's treatment of Kathleen and on behalf of Kathleen's estate, Brett, and the married couple's three children for anticipatory wrongful death and loss of consortium, but they dismissed the action on January 22, 2019, and refiled it within a year—on January 21, 2020. Due to the application of our decision in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 38 (holding that the saving statute does not extend to the statute of repose), the refiled suit was dismissed by the trial court as having been filed beyond the statute of repose, and that dismissal was affirmed on appeal as to the medical-malpractice claim; however, the Tenth District reversed the trial court's dismissal of the wrongful-death claim, finding that the claim was

not barred by the medical-claim statute of repose. *See McCarthy v. Lee*, __ Ohio St.3d __, 2023-Ohio-4699, __ N.E.3d __; *McCarthy v. Lee*, 10th Dist. Franklin No. 21AP-105, 2022-Ohio-1033, ¶ 2-13, 33-34.

{¶ 30} Slightly more than a year and three months after refiling the action on January 21, 2020, the McCarthys filed on April 28, 2021, an action against the medical providers on behalf of their children for derivative claims relating to increased care, loss of parental consortium, and emotional distress—all caused by the sickness and loss of their mother. The question in this appeal is whether the April 2021 action filed by the McCarthys on behalf of their children for losses caused to them by their mother's misdiagnosis, decline, and death was timely and properly filed or whether it was barred due to the failure of the medical and wrongful-death claims in the January 2020 action by operation of the statute of repose.

## B. What Primary Claims Underlie the Children's Loss-of-Parental-Consortium Claims

{¶ 31} The parties in this case focus on whether dismissal of the primary claims extinguishes derivative claims. Before exploring that question, there is a preliminary issue to be addressed: What are the primary claims from which the children's loss-of-consortium claims derive?

{¶ 32} In most cases, a plaintiff who alleges to have been injured by medical negligence brings a claim for malpractice, and the plaintiff's family members seek compensation for loss of consortium occasioned by the medical malpractice if the malpractice claim is proved. If, during the pendency of the malpractice action, the plaintiff dies, the plaintiff's estate is substituted for that plaintiff and a wrongful-death claim is brought on behalf of the decedent's heirs. *See* R.C. 2125.01 and 2125.02(A), (B). At that point, the loss-of-consortium claims by the family members are still derivative of the same single course of negligence underlying both the medical-malpractice and now the wrongful-death claims. But insofar as

the family members bringing the loss-of-consortium claims seek compensation both for the loss occasioned by the decedent's sickness and the loss occasioned by the decedent's death, the loss-of-consortium claims are derivative of both the original medical-malpractice claim and the wrongful-death claim.[3]

{¶ 33} In this case, the McCarthys brought claims on October 5, 2018, for medical malpractice and for the anticipatory wrongful death of Kathleen (in light of the fact that Kathleen's condition was known to be terminal and apparently to avoid potential application of the statute of repose[4]); Brett's claims included loss of consortium.[5] The parties dismissed the initial suit in January 2019 and refiled a virtually identical suit in January 2020 pursuant to the saving statute, R.C. 2305.19(A). But because of our ruling in *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 38 (holding that the saving statute does not extend the statute of repose), the refiled suit was dismissed in its entirety by the trial court for being filed beyond the statute of repose. The McCarthys appealed the trial court's dismissal of their 2020 action, s*ee McCarthy*, 2022-Ohio-1033, at ¶ 2-13, and while that appeal was pending, they filed a separate lawsuit on behalf of their minor children solely for loss of parental consortium. The appellate court affirmed the

---

3. While claims for wrongful death and loss of consortium overlap, they are not identical. A claim for loss of consortium has been recognized at common law for many years. *See Clouston v. Remlinger Oldsmobile Cadillac*, 22 Ohio St.2d 65, 258 N.E.2d 230 (1970), paragraph two of the syllabus. An action for wrongful death is statutory in origin and sets forth a presumption of damages and limits on who may recover. R.C. 2125.02(A); *see also Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, 958 N.E.2d 1203, ¶ 52.

4. *See, e.g.*, *Mercer v. Keane*, 2021-Ohio-1576, 172 N.E.3d 1101, ¶ 5-7, 43 (5th Dist.) (holding that when an estate was substituted as the complainant after a medical-malpractice plaintiff's death and attempted to assert a wrongful-death claim seven years and four months after the alleged act or omission that gave rise to the claim, such claim was barred by the statute of repose).

5. Spousal consortium, which is not statutorily defined, has long been defined by this court as "the conjugal fellowship of husband and wife, and the right of each to the company, co-operation and aid of the other in every conjugal relation." *Flandermeyer v. Cooper*, 85 Ohio St. 327, 340-341, 98 N.E. 102 (1912).

trial court's dismissal of the McCarthys' medical-malpractice claim and that claim was not further appealed. *McCarthy*, 2022-Ohio-1033, at ¶ 2-13, 33-34. This court ultimately affirmed the trial court's dismissal of the parents' wrongful-death claim. *McCarthy*, __ Ohio St.3d __, 2023-Ohio-4699, __ N.E.3d __.

{¶ 34} Though the children's mother was alive when their 2021 action for loss of parental consortium was filed, it is undisputed that she passed away on December 2, 2022. As heirs their claims are derivative of the wrongful conduct that prematurely caused their mother's permanent absence from their lives. At no time have these children reached majority and at no time have their claims expired, even under a statute of repose. These claims have existed since the alleged malpractice occurred, they still exist, and the statute of repose does not apply to the children's claims, because of their status as minors.

## C. Indirect Application of the Statute of Repose Based on Failure of Primary Claims

{¶ 35} Assuming arguendo that both primary claims—medical malpractice and wrongful death—were properly dismissed under the statute of repose (*see Everhart v. Coshocton Cty. Mem. Hosp.*, __ Ohio St.3d __, 2023-Ohio-4670, __ N.E.3d __, ¶ 84-122, (Brunner, J., dissenting)), the next question is whether dismissal of those claims extinguished the children's loss-of-parental-consortium claims. Underlying arguments on both sides of that issue is the question of what is "derivative" in the context of loss of consortium:

> Ohio common law recognizes that when one spouse is injured, the other spouse is also damaged and may assert his or her own cause of action against the tort-feasor for those damages—*i.e.*, a claim for loss of consortium. *Clouston v. Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St.2d 65, 74, 51 O.O.2d 96, 101-102, 258 N.E.2d 230, 235. "Consortium consists of society, services,

sexual relations and conjugal affection which includes companionship, comfort, love and solace." *Id.*, paragraph three of the syllabus. Even though a loss of consortium claim is derivative in that it is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury, *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 93, 585 N.E.2d 384, 392, it is nonetheless legally separate and independent from the claim of the spouse who suffered the bodily injury. *Id.*

*Schaefer v. Allstate Ins. Co.*, 76 Ohio St.3d 553, 557, 668 N.E.2d 913 (1996). *But see Cross v. Cincinnati Ins. Co.*, 4th Dist. Adams No. 02CA758, 2004-Ohio-328, ¶ 24-26 (noting that *Schaefer* was superseded by statute on issue of insurance-coverage limits). Notwithstanding later developments in the law of insurance contracts, *Schaefer*'s general statements about the derivative-yet-independent nature of loss-of-consortium claims remain in the caselaw, having their own application to children's loss-of-parental-consortium claims.

{¶ 36} There are many cases in which this court has recognized that when a legally cognizable tort cannot be or has not been proved, both the primary *and* derivative claims fail. *See, e.g.*, *Grindell v. Huber*, 28 Ohio St.2d 71, 275 N.E.2d 614 (1971), paragraphs one and two of the syllabus (when a motorist—named at fault in child's personal-injury suit—was cleared of fault for hitting the child, the parent's derivative loss-of-consortium claim also failed). Civ.R. 19.1 and decisions such as *Coleman v. Sandoz Pharmaceuticals Corp.*, 74 Ohio St.3d 492, 660 N.E.2d 424 (1996), make clear that loss-of-consortium claims should be brought, when feasible, with the underlying claim. *See Coleman* at 494, quoting *High v. Howard*, 64 Ohio St.3d 82, 94-95, 592 N.E.2d 818 (1992) (Resnick, J., dissenting) (holding that " 'a child's loss of parental consortium claim must be joined with the injured parent's claim whenever feasible' " [emphasis deleted and punctuation

harmonized]). Few cases involve the issue of when a separate loss-of-consortium claim survives the procedural rejection of an underlying claim. One such case involved a statute-of-limitations-barred primary claim filed by a husband for battery against his attacker, which left intact his wife's claim for loss of consortium (which had a longer statute of limitations). *Dean v. Angelas*, 24 Ohio St.2d 99, 101, 104, 264 N.E.2d 911 (1970). In another case, we held that a husband's signed release barring his own recovery for injuries he sustained during a race due to alleged negligence by the racetrack proprietor did not bar his wife's and children's loss-of-consortium claims, because they had not signed a release of their claims. *Bowen* at 90-93. In these cases, had there been a finding that the defendant did *not* commit a tort in the primary claim, a derivative loss-of-consortium claim would not have survived. *Schaefer* at 557. But because the claims were barred for reasons unrelated to the question of the tortfeasor's fault, the derivative claims survived. Here, although the process of proving negligence of the defendants was cut short by the procedural bar of the statute of repose for their parents, the children's derivative loss-of-parental-consortium claims should have survived.

{¶ 37} Contradicting this principle, the majority opinion ignores the procedural posture of the 2018 and 2020 actions and posits that the children's separately filed claims for loss of parental consortium stemming from the missed diagnosis and later death of their mother also do not survive the dismissal of their parents' claims, even though their parents' claims did not fail on the merits. But for this court's recent decision in *Everhart*, Brett would have been entitled to bring a wrongful-death claim after Kathleen's death, even if no medical claims had been filed while she was living. The fact that the children's parents' anticipatory wrongful-death and related loss-of-consortium claims were filed in the event of the statute of repose's application does not change the nature of the children's claims, nor should it extinguish them, as they remain minors to this day and their claims differ from their parents' claims. The majority opinion's conclusion that "[o]nce

the medical-negligence claim was extinguished by the statute of repose, the children's derivative claim no longer existed," majority opinion at ¶ 1, wrongly diverges from the principle that a loss-of-consortium claim is "legally separate and independent from the claim of the [parent] who suffered the bodily injury," *Schaefer* at 557.

**{¶ 38}** Though the majority opinion cites *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, for its view that the children's claims cease to exist, that application contorts *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, 503 N.E.2d 717 (1986), fn. 17 (Douglas, J., concurring), to reach a holding entirely opposite to the view expressed in Justice Douglas's concurring opinion.  In *Wilson*, we stated the following:

> A statute of limitations operates on the remedy, not on the existence of the cause of action itself.  *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, 503 N.E.2d 717 (1986), fn. 17 (Douglas, J., concurring).  A statute of repose, on the other hand, bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Black's* [*Law Dictionary*] at 1707 [11th Ed.2019].  A statute of repose bars the claim—the right of action—itself.  *Treese v. Delaware*, 95 Ohio App.3d 536, 545, 642 N.E.2d 1147 (10th Dist.[1994]).

*Wilson* at ¶ 9.  Critical to this quote, as used in the majority opinion, is the out-of-context citation to a footnote written by Justice Douglas in *Mominee* in which the justice opined that the medical-claim statute of repose is wholly unconstitutional.  Using this footnote from *Mominee* to support the conclusion drawn in *Wilson*

should not suffice for nor be compounded by the broad-sweeping conclusion of the majority denying relief to the McCarthys.

{¶ 39} In *Mominee*, this court held that a medical-claim statute of repose (then under R.C. 2305.11(B)) was unconstitutional as applied to minors because it violated the right-to-remedy provision of the Ohio Constitution. *Mominee* at syllabus. That constitutional provision provides, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Ohio Constitution, Article I, Section 16. Justice Douglas concurred in this court's holding in *Mominee* but noted that he would have held the medical-claim statute of repose to be unconstitutional as applied to any claimant; he observed in a footnote in his separate opinion:

> Some confusion arises as to terminology between a statute of limitations and one of repose. This confusion necessarily affects the ultimate result herein. A true statute of limitations works on the *remedy* rather than the *right* and governs the time within which a legal proceeding must be instituted after a *cause of action accrues* (is discovered). A statute of repose is not a true statute of limitations, but rather is an absolute bar to a cause of action ever arising. R.C. 2305.11(B) is a statute of repose.

(Emphasis sic.) *Mominee* at 290, fn. 17 (Douglas, J., concurring). Today, a majority of this court indirectly bases its holding on a footnote in a concurring opinion from nearly 40 years ago rather than on the text of the statute and caselaw established by a majority of this court after that concurring opinion was written.

**{¶ 40}** In *Mominee*, Justice Douglas described his constitutional repugnance[6] for the statute of repose, characterizing it as "an absolute bar to a cause of action ever arising." *Id.* The majority opinion today turns his observation on its head, misusing it in completely the opposite context to decimate the bedrock rights of access to the courts for children, holding that the medical-claim statute of repose bars even *their* derivative claims (despite the fact that the text of R.C. 2305.16 and 2305.113(C) specifically exempts claims of minors from the reach of R.C. 2305.113). The majority opinion of this court departs from all textual and factual bases and proclaims that the medical-claim statute of repose does not merely "bar[]" the "commence[ment]" of children's claims for loss of parental consortium (as R.C. 2305.113(C)(2) provides) but renders them nonexistent. It is disappointing that such unnecessary, illogical, and farcical verve would inform the holding of this court's majority opinion today. As former United States Vice-president Hubert Humphrey once said, "the moral test of government is how that government treats those who are in the dawn of life, the children; those who are in the twilight of life, the elderly; and those who are in the shadows of life—the sick, the needy and the handicapped." 123 Congressional Record 37287 (1977).

**{¶ 41}** This court should rely on the text of the medical-claim statute of repose, which provides that "[n]o action * * * shall be commenced more than four

---

6. This view was part of Ohio's caselaw for many years. *See Hardy v. VerMeulen*, 32 Ohio St.3d 45, 512 N.E.2d 626 (1987), syllabus (holding the medical-claim statute of repose unconstitutional); *Brennaman v. R.M.I. Co.*, 70 Ohio St.3d 460, 466-467, 639 N.E.2d 425 (1994), and paragraph two of the syllabus (holding that a statute of repose for tort actions arising from defective or unsafe conditions of real-property improvements, which terminated a tortfeasor's liability before claims accrued, violated the right-to-remedy provision of the Ohio Constitution), *opinion amended*, 71 Ohio St.3d 1211, 643 N.E.2d 138 (1994) (clarifying last sentence of majority opinion); *Burgess v. Eli Lilly & Co.*, 66 Ohio St.3d 59, 60-63, 609 N.E.2d 140 (1993), and paragraphs one and two of the syllabus (holding that a statute of limitations that deemed actions to have accrued before they could be filed with a realistic chance of surviving a motion to dismiss violated the right-to-remedy provision of the Ohio Constitution). *But see Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, syllabus (overruling *Hardy* and upholding medical-claim statute of repose as constitutional).

years after the occurrence of the act or omission constituting the alleged basis of the * * * claim" and that "[i]f an action * * * is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the * * * claim, then, any action upon that claim is barred," R.C. 2305.113(C). In short, the statute does not differentiate "repose" from other limitations periods or even use the term "repose." It refers only to claims being "barred" or prohibited from being "commenced"; it never suggests that claims cease to exist.

{¶ 42} Today, a majority of this court oversteps its judicial role and decrees policy when it divines that the McCarthy children's loss-of-parental-consortium claims are nonexistent. The children's claims are real, and those claims will not go away no matter how we characterize them. Today's decision is a classic example of figuring out how to get to a desired result, even if it involves finding a 40-year-old footnote from a nonmajority opinion, stripping it from its context, and recasting it to fit an inapposite purpose. In this case, the children's loss-of-parental-consortium claims are straightforward: they claim that the doctor erred, their mother died because of it, and they suffer because of her absence. While there may be a procedural bar (or not), their claims do exist. Moreover, it's an affront to the work and dedication of a former member of this court who would never have countenanced the majority opinion's view and who, in fact, favored striking down the statute of repose as wholly unconstitutional. *See Hardy v. VerMeulen*, 32 Ohio St.3d 45, 50, 512 N.E.2d 626 (1987) (Douglas, J., concurring). We erred in *Wilson* when we restated Justice Douglas's dictum out of context, and we should not now give that dictum the legs to carry the law in a direction never intended by its words, especially to harm some of the weakest members of our society—children. *See Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 9.

### D. Statute of Repose: Direct Application

{¶ 43} The majority's rationale for its holding—that the children's derivative claims are barred by the procedural failure of the primary claims—also

conveniently avoids the question whether the medical-claim statute of repose applies directly to bar the children's claims. R.C. 2305.113 sets forth a one-year statute of limitations and a four-year statute of repose for medical claims:

> (A) Except as otherwise provided in [R.C. 2305.113], an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued.

> (B)(1) If prior to the expiration of the one-year period specified in [R.C. 2305.113(A)], a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

> * * *

> (C) Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in [R.C. 2305.113(D)], both of the following apply:

> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

> (2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

(D)(1) If a person making a medical claim, dental claim, optometric claim, or chiropractic claim, in the exercise of reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within three years after the occurrence of the act or omission, but, in the exercise of reasonable care and diligence, discovers the injury resulting from that act or omission before the expiration of the four-year period specified in [R.C. 2305.113(C)(1)], the person may commence an action upon the claim not later than one year after the person discovers the injury resulting from that act or omission.

(2) If the alleged basis of a medical claim, dental claim, optometric claim, or chiropractic claim is the occurrence of an act or omission that involves a foreign object that is left in the body of the person making the claim, the person may commence an action upon the claim not later than one year after the person discovered the foreign object or not later than one year after the person, with reasonable care and diligence, should have discovered the foreign object.

(3) A person who commences an action upon a medical claim, dental claim, optometric claim, or chiropractic claim under the circumstances described in [R.C. 2305.113(D)(1) or (2)] has the affirmative burden of proving, by clear and convincing evidence, that the person, with reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within the three-year period described in [R.C. 2305.113(D)(1)] or within the one-year period described in [R.C. 2305.113(D)(2)], whichever is applicable.

R.C. 2305.113(A) through (D). This appeal presents no issue regarding the applicability of the one-year statute-of-limitation period. At this juncture, the questions concern only the statute of repose. Based on the allegations in the complaint, Dr. Lee's last act of alleged malpractice was in misdiagnosing Kathleen in April 2015. Since the children's action for loss of parental consortium was not filed until approximately six years later, in April 2021, if the medical-claim statute of repose applies to their claims, and if no exception operates against its application, this suit would be barred by the four-year statute of repose. Thus, the first issue is whether the medical-claim statute of repose applies to the children's derivative claims.

{¶ 44} Ohio law defines "medical claim" broadly:

> (E) As used in this section:
>
> * * *
>
> (3) "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes the following:
>
> (a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person[.]
>
> * * *

(7) "Derivative claims for relief" include, but are not limited to, claims of a parent, guardian, custodian, or spouse of an individual who was the subject of any medical diagnosis, care, or treatment, dental diagnosis, care, or treatment, dental operation, optometric diagnosis, care, or treatment, or chiropractic diagnosis, care, or treatment, that arise from that diagnosis, care, treatment, or operation, and that seek the recovery of damages for any of the following:

(a) Loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education, or any other intangible loss that was sustained by the parent, guardian, custodian, or spouse;

(b) Expenditures of the parent, guardian, custodian, or spouse for medical, dental, optometric, or chiropractic care or treatment, for rehabilitation services, or for other care, treatment, services, products, or accommodations provided to the individual who was the subject of the medical diagnosis, care, or treatment, the dental diagnosis, care, or treatment, the dental operation, the optometric diagnosis, care, or treatment, or the chiropractic diagnosis, care, or treatment.

R.C. 2305.113(E)(3) and (7). The language of these statutory divisions is broad enough to encompass the children's loss-of-consortium claims. The definition of "medical claim" expressly includes derivative claims for relief, including loss-of-consortium and intangible-loss claims. R.C. 2305.113(E)(3)(a), (E)(7)(a). True, the children's claims are not "claims of a parent, guardian, custodian, or spouse," R.C. 2305.113(E)(7)(a), but R.C. 2305.113(E)(7) expressly states that such listing is nonexclusive—i.e., that it "include[s], but [is] not limited to," the listed claim

types. Arguably, some ambiguity exists given that R.C. 2305.113(E)(7)(a) also limits the claim types to losses "sustained by the parent, guardian, custodian, or spouse." However, subdivision (a) is a part of R.C. 2305.113(E)(7), and the entirety of division (E)(7) is stated in its preamble to be nonexclusive: " 'Derivative claims for relief' include, but are not limited to [several enumerated claim types when brought by caregivers of the injured individual]." R.C. 2305.113(E)(7). Notwithstanding the nuances of the statutory language, it is fair to read R.C. 2305.113(E)(7) in its entirety as including a nonexclusive listing of who may bring derivative claims for relief.

{¶ 45} By the medical-claim statute of repose's plain terms, it should apply to the children's derivative loss-of-parental-consortium claims. But then, an exception operates to remove the children's derivative claims from the purview of the statute of repose. As mentioned, the statute of repose at issue here applies to medical claims "[e]xcept as to persons within the age of minority * * * as provided by section 2305.16 of the Revised Code," R.C. 2305.113(C). R.C. 2305.16 provides, in part:

> Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

R.C. 2305.16. The statutory sections listed—R.C. 1302.98, 1304.35, and 2305.04 to 2305.14—are all statutes of limitations and repose. The range of statutes listed

from R.C. 2305.04 to 2305.14 includes R.C. 2305.113. Thus, R.C. 2305.16 operates unless "otherwise provided" in R.C. 2305.113, such that the "age of minority" referred to in R.C. 2305.113(C) becomes an exception, excluding claims of minors from the medical-claim statute of repose.

{¶ 46} According to the complaint, all three of the McCarthy children were minors at the time of filing, April 28, 2021, and therefore could not have been anything but minors when their claims accrued prior to April 28, 2021. Thus, the children's loss-of-parental-consortium claims, while covered by the medical-claim statute of repose in R.C. 2305.113(C), could have been brought "within the respective times limited by [that] section[], after the disability [was] removed." R.C. 2305.16. Since the children were still minors when the complaint was filed on April 28, 2021, by the plain language of R.C. 2305.16 and 2305.113, their claims were timely filed within the statute of repose. Statutorily, the children's claims are not barred.

### E. The Posture of this Case Renders It Unsuitable for Review

{¶ 47} Although Civ.R. 19.1 does not require compulsory joinder of children's loss-of-parental-consortium claims with underlying claims, we have previously held that " 'a child's loss of parental consortium claim must be joined with the injured parent's claim whenever feasible.' " (Emphasis deleted and punctuation harmonized.) *Coleman*, 74 Ohio St.3d at 494, 660 N.E.2d 424, quoting *High*, 64 Ohio St.3d at 94-95, 592 N.E.2d 818 (Resnick, J., dissenting). That was not done in this case, resulting in a unique procedural history in which the children's claims were brought by separate suit after the procedural failure of their parents' tort claim for malpractice and wrongful death.

{¶ 48} This court has held, in at least one context, that the interests of derivative claimants are " 'joint and inseparable' " with primary claimants. *Fehrenbach v. O'Malley*, 113 Ohio St.3d 18, 2007-Ohio-971, 862 N.E.2d 489, syllabus, quoting R.C. 2305.16. In *Fehrenbach*, we held that the limitations period

for loss-of-consortium claims by parents of a child injured by medical negligence were tolled by operation of R.C. 2305.16 during the child's minority because the derivative loss-of-consortium claims and the underlying medical claims were " 'joint and inseparable.' " *Fehrenbach* at syllabus, quoting R.C. 2305.16. Since the claims of parents for loss of consortium of their children are joint with and inseparable from their injured children's medical claims, it stands to reason that claims of children for loss of consortium would also be joint with and inseparable from their injured parents' medical claims. Moreover, R.C. 2305.16 provides, "When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all." Since a derivative claim—like a loss-of-consortium claim—is joint with and inseparable from the underlying medical claim according to the holding in *Fehrenbach* and "the disability of one shall inure to the benefit of all" under R.C. 2305.16, not only are the children's loss-of-parental consortium claims not extinguished by the statute of repose, the McCarthys' medical and wrongful-death claims should not have been extinguished either. And had the children's claims been brought in the original suit (as strongly encouraged by *Coleman*) and this argument raised under *Fehrenbach*, none of the primary claims or the children's derivative loss-of-parental-consortium claims would have been subject to the statute of repose.

{¶ 49} Regardless, the procedural posture of this case is that the family's claims were not brought together in one action. The trial court granted judgment on the pleadings in favor of the medical providers on the McCarthys' medical-malpractice and wrongful-death claims for being beyond the statute of repose, and the McCarthys did not appeal the medical-malpractice determination to this court and have not been successful in challenging the determination as to the wrongful-death claim on appeal. *McCarthy*, 2022-Ohio-1033, at ¶ 13-14; *McCarthy*, __ Ohio St.3d __, 2023-Ohio-4699, __ N.E.3d __. And this has created consequences.

{¶ 50} We have previously explained:

30

The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969), and *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989). With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Id.*, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

*Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385, ¶ 7. In contrast with claim preclusion,

"[t]he doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different."

*State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, 779 N.E.2d 216, ¶ 16, quoting *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998), and citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph three of the syllabus.

{¶ 51} The McCarthys' claims for medical malpractice and wrongful death were fully litigated and directly determined in another action. But it would appear that those claims should not have been foreclosed by the statute of repose, because the children's loss-of-consortium claims were "joint and inseparable" with their parents' claims. R.C. 2305.16. And this is further so because R.C. 2305.16 provides that "the disability of one shall inure to the benefit of all." However, the fact of the matter is that the children's derivative claims were separately brought from their parents' claims, which were then held to be barred by the statute of repose. The unfortunate consequence is that res judicata now applies for their parents' medical related claims.

{¶ 52} In short, the fact that the McCarthy family litigated the underlying claims separately from the children's loss-of-parental-consortium claims has resulted in a predicament in which the medical claim and wrongful-death claims, having been foreclosed, rightly or wrongly, place the children's claims in the posture of res judicata. Thus, the only real question to resolve is whether the prior nonmerits dismissal of the underlying medical malpractice and wrongful-death claims extinguishes the children's claims when brought separately. The majority concludes that it does. For the reasons expressed above, I disagree. But I would go further and hold that this appeal should not have been accepted in the first instance, because of its highly unique factual posture, rendering the matter unlikely to occur frequently and perhaps amounting to error correction rather than substantively developing the body of law for the purposes of public importance in

this legal genre. *See* Ohio Constitution, Article IV, Section 2(B)(2)(e); S.Ct.Pract.R. 5.02. Today, I fear that by issuing this decision we harm the rights of children in the future who seek to be made whole because of the medically caused wrongful deaths of one or more of their parents.

## III. CONCLUSION

{¶ 53} Despite precedent indicating that loss-of-consortium and medical claims should be filed in the same action, the McCarthy family litigated this case as two separate cases—one for the medical-malpractice and wrongful-death claims and the other for the children's derivative loss-of-parental-consortium claims. Had the claims been brought in one action as they should have been, R.C. 2305.16 would have preserved both the derivative and underlying claims because the children's claims would have been preserved by their status as minors and the statutory inseparability of those claims from the underlying claim, *see* R.C. 2305.16, would have made impossible a holding against saving the latter from extinguishment by the statute of repose. This unusual posture and the fact that the parties appear not to have fully appreciated the import of the flaw in the structuring of these actions suggests to me that we should dismiss this case as having been improvidently accepted.

{¶ 54} If I were to consider the merits as the majority does, I would find that the children's claims survive. The medical-claim statute of repose specifically exempts claims by minors from its reach, and caselaw from this court indicates that loss-of-consortium claims are derivative in the sense that they rely on the same proof of tortious wrongdoing by the defendant, but they are independent insofar as procedural bars applicable to the primary claim are not automatically applicable to the derivative claim. In short, because the McCarthys' medical and wrongful-death claims did not fail on the merits, the children's derivative claims are not extinguished.

**{¶ 55}** The majority's decision to the contrary relies solely on its supposition that the medical-claim statute of repose does not merely "bar[]" the "commence[ment]" of the claim (as R.C. 2305.113(C) says) but actually extinguishes the children's loss-of-parental-consortium claims, rendering them nonexistent. This is plainly contrary to legal and practical reality. The doctor still allegedly erred, the children's mother's life is extinguished, and her children still suffer as a consequence. Regardless of the procedural questions, the children's claims do *exist*. That the majority opinion finds otherwise avoids the fact that the medical-claim statute of repose specifically exempts the claims of minors from its purview. On its sojourn from this statutory reality, the majority opinion on its most basic level denies Kathleen's children their day in court. And all of this is based on an unsupported musing in a footnote in a 40-year-old concurrence by a justice who advocated striking down the statute of repose as wholly unconstitutional and who would not have countenanced today's result. The majority's decision today is legally unsound and patently unjust. Accordingly, I dissent.

DONNELLY and STEWART, JJ., concur in the foregoing opinion.

_____

Beausay & Nichols Law Firm, T. Jeffrey Beausay, and Sara C. Nichols, for appellants.

FisherBroyels, L.L.P, Michael R. Traven, and Robert B. Graziano, for appellees.

Bonezzi, Switzer, Polito & Hupp Co., L.P.A., Paul W. McCartney, and Diane L. Feigi, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.

Bricker Graydon, L.L.P., Anne Marie Sferra, and Christopher P. Gordon, urging affirmance for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.

_____